JAMES LYNCH *against* REYNOLDS.

THIS was an action of *assumpsit*, for money paid by the plaintiff, to the use of the defendant, who pleaded the general issue, with notice of his discharge under the insolvent act, passed the 3d of *April*, 1801. The cause was tried before Mr. J. *Yates*, at the *New-York* sittings, in *April*, 1818, when a verdict was taken for the plaintiff, subject to the opinion of the Court, on a case containing the following facts :

In *September*, 1807, the defendant bought of *D. Lynch*, jun., 173 barrels of flour, amounting to 1,161 dollars, at four months credit ; and, in about a month thereafter, *D. L.* jun., received the defendant's note for the purchase money, which having endorsed, he procured it to be discounted at the *Branch Bank* of the *United States*, in the city of *New-York*. Before the note became payable, the defendant failed, and after it had been protested for non-payment, it was taken up by *D. Lynch*, senr., for the honour of the endorsor ; *D. Lynch*, senr. having thus become the holder of the note, assented to the defendant's discharge under the insolvent act, signed his petition, and made affidavit of his debt, as being money paid to the use of the defendant in taking up his note ; and after the defendant's discharge, *D. Lynch*, senr. called on the plaintiff, who was the owner of the flour, and on whose account it was sold by *D. Lynch*, jun., as his agent, for the amount of the note, which the plaintiff paid to him, and received the note.

The case was submitted to the Court, without argument.

*Per Curiam.* The single point in this case is, whether *D. Lynch*, the elder, after becoming a petitioning creditor, for the discharge of the defendant under the insolvent act,

*If the holder of a bill or note, compound with, and discharge the acceptor or maker, he cannot afterwards resort to the other parties to the bill or note. But merely receiving partial payments from the acceptor or maker, without releasing him, does not affect the liability of the other parties.*

*A. as the agent of the plaintiff, sold goods to the defendant, for which he took his promissory note, and procured it to be discounted, and the defendant having failed, the note was taken up by B. for the honour of A. The defendant applied for his discharge under the insolvent act, and B. became a petitioning creditor, for the amount of the note which he had taken up. After the defendant's discharge, the plaintiff paid B. the amount of the note, and brought an action against the defendant, for*

money paid to his use. Held, that B. by petitioning with the defendant, and thus undertaking to discharge him from the debt, released the other parties to the note, and that, therefore, the plaintiff's payment of the amount of the note to B., was in his own wrong, and gave him no right of action against the maker.

and making an affidavit that the defendant was indebted to him, as for so much paid for the use of the defendant, could afterwards resort to the plaintiff, and compel him, legally, to pay the money advanced to take up the note drawn by the defendant? We are of opinion, that the payment made by the plaintiff to D. Lynch, senior, was made in the plaintiff's own wrong, and that it could not have been enforced at law; and, therefore, cannot be the basis of a suit against the defendant.

It is a settled principle, that if the holder of a bill or note, compounds with the acceptor or the maker, without the assent of the other parties to it, he thereby releases them from their liability. Taking a sum of money in part payment of the debt, and accepting a dividend, would not produce the same effect; for these acts are advantageous to the other parties. The principle, in short, is, that an act beneficial to the other parties may be done with the maker of a note or acceptor of a bill, provided due notice has been given, without impairing the right of the holder of the note; but no act can take place, between the holder and the maker, prejudicial to, and destructive of, the rights of the parties to the bill, without discharging them. Here the holder of the bill took upon himself, in effect, to discharge the maker of the note from his liability to pay the debt; and we have a right to intend, that the defendant could not have obtained a discharge under the insolvent act, unless D. Lynch, senior, had united in his petition. It will be recollected, that a discharge under the act exonerated the defendant for ever from the payment of any debt then contracted, so that D. Lynch, senior, by his own act, discharged the defendant from the payment of the note, and he never could have been sued upon that paper by any of the parties. This is equivalent to taking a bond in satisfaction of the bill, without the assent of the other party; and it is manifest that D. Lynch, senior, must have considered himself as having no further claim upon the other party, for he swears that the money was paid in taking up the bill for the use of the defendant. The holder of a dishonoured note may be passive, after having fixed the several parties by a regular demand and notice, and he may receive partial pay-

ment, without affecting his remedy against all the parties; but if he does an act which takes away and destroys the remedy of the other parties against the maker, upon the very bill, he forfeits his right to call on the prior endorsers. This principle will be found to be supported by the case, *ex parte Wilson*, (11 *Vez.* 410.) and it is a salutary rule.

Judgment for the defendant.