HOLLAND WHEELER *v.* HORATIO WALKER.

WINDHAM,
*February,*
1840

Evidence of what a deceassd witness said in a former trial of the same cause, between the same parties, is admissible, notwithstanding he was not sworn, if the party, objecting, agreed that he might testify without being sworn.

The admission of a former holder and owner of a note, that it was paid, may be received in evidence, when it was not indorsed until after it became due and was paid.

ASSUMPSIT, on a promissory note, dated Nov. 25, 1833, given by the defendant to Nomlas Cobb, or order, and by him indorsed.

Plea, *non-assumpsit.* Issue to the country.

This action was commenced before a justice of the peace and came, by appeal, to the county court.

Upon the trial in the county court, testimony was introduced, on the part of the defendant, tending to show that one Leland held, in his own name, a mail contract, one thi·d of which was for the benefit of the defendant; that in November, 1833, two quarters' pay for carrying the mail were due, one hundred and fifty dollars of which belonged to the defendant; that Leland held notes against the defendant and delivered them to Cobb, to indemnify him for signing a note for Leland to the Connecticut River Bank; that Cobb commenced a suit against the defendant, upon one of said notes, and, to settle that suit, the defendant paid Leland a sum of money, and executed the note now in question, payable to Cobb, which Leland received and delivered to Cobb; that, afterwards, Leland received of the postmaster-general the whole amount of the two quarters' pay for carrying the mail, and paid to the defendant seventy five dollars, being one half the defendant's part, and paid the other half, for the defendant, to Cobb, on the note in question; that Cobb paid over the money, so received by him, to the bank, and accounted with Leland for it; that, in 1835, Leland insisted that Cobb should sue and collect the note, which Cobb declined doing, but, afterwards, in 1836 or 1837, indorsed and returned it to Leland, to enable the latter to collect it, if collectable; that Leland then sold the note to the plaintiff, and that the note remained in Cobb's possession from the time he first received it until he indorsed and deli-

vered it to Leland, as before stated. To all this testimony, the plaintiff objected, but it was admitted by the court. As testimony, tending to prove the above facts, the defendant offered to prove what was testified to, by said Cobb, on the trial of this cause before the justice, the said Cobb having since died. It appeared that, at the trial before the justice, the said Cobb was called by the defendant, as a witness, and that he testified without having been sworn, the plaintiff saying, at the time, that Cobb might make his statement without being sworn. The testimony of Cobb, given before the justice, was objected to by the plaintiff, on the trial in the county court, but the court overruled the objection and admitted the testimony. The defendant also offered to prove, that Cobb was in the habit of keeping, on separate papers, in his book, an account of moneys received and paid out, and that, in his book, since his death, and in his hand writing, an account was found, purporting to be of moneys received and paid out for said Leland, in which, under date of January 28, 1834, Leland was credited as follows : " by cash, Walker's mail money, $75," and was charged, " paid on note to the bank, $75," which account, and also a letter from said Cobb to the defendant, dated February 16, 1835, the defendant offered as evidence, to prove the facts above stated; to all which the plaintiff objected. But the court overruled the objections and admitted the evidence.

The plaintiff introduced testimony tending to prove, that he paid the defendant $75, in another way, independently of the note to Cobb, and that the money was not received by Cobb.

The case was submitted to the jury, under a charge from the court, which was not excepted to. The jury returned a verdict for the defendant, and the plaintiff excepted to the decision of the court, admitting the testimony objected to by the plaintiff.

*D. Kellogg*, for plaintiff.

I. The court erred in admitting evidence of what Nomlas Cobb stated at the trial of the cause before the justice, inasmuch as Cobb was not sworn upon that occasion. 1 Phil. Ev. 200. 1 Strange, 162. 14 Mass. 234.

II. The court erred in admitting the paper, purporting

to be a memorandum of moneys received and paid out, by Cobb, and the letter from Cobb to the defendant.

————, for defendant.

I. It is a settled rule of evidence, that what a witness has testified once, may (after his decease) be given in evidence, at a subsequent trial of the same cause. 1 Stark. Ev. 43. 158. Lord Palmerston's case, cited 4 Term. R. 279. *Mayor of Doncaster* v. *Day*, 3 Taun. 262.    *Tod* v. *Earl of Winchelsea*, 3 C. & P. 387.

The same rule has been adopted in this country. 17 Johns. R. 176. 2 Hen. & Munf. 193. 14 Mass. R. 446.

So where a prisoner has procured a witness to go away, evidence of what the witness testified before the grand jury, was admitted. *Rex* v. *Barber*, 1 Root's R. 76. And this part of the rule also applies in civil cases. *Green* v. *Gatewick*, Bull. N. P. 243.

II. It is objected that the county court erred in admitting the account kept by Cobb, as evidence.

The rule of law, on this point, is, that entries, made in the usual course of business, by one standing in such relation to the parties as makes it his duty to make the entry, are admissible. 1 Stark. Ev. 298, 299, 300, &c.    *Doe* v. *Turford*, 3 B. & A. 890.

Cobb was the agent of all parties to receive the mail money.    He was the agent of Leland to collect this, with other notes, and pay over to the bank, and it was his duty to keep correct accounts thereof.

The opinion of the court was delivered by

Williams, Ch. J.—The evidence, in this case, proved, most conclusively, that the note in question was paid, and that it could not have come into the possession of the plaintiff until long after it was due and paid. The propriety of the decision, admitting testimony to prove that fact, is not questioned here.    The only questions raised are, whether evidence of the testimony of Cobb, in a former trial of this cause, when both parties were present, is now to be received, (Cobb having since deceased) as he was not sworn. It appears that Cobb was a witness, and gave his relation without being sworn, by the consent of the plaintiff. His relation was evidence, or testimony, in the cause, and as the plaintiff waived

WINDHAM,
*February*,
1840.

Wheeler
*v.*
Walker.

any objection on account of his not being sworn, and consented that he might testify without being put under oath, we think he could not object, on that account, and at a subsequent trial, to receive evidence of that testimony when Cobb was dead ; that it comes within the spirit and reason of the rule of law, which admits evidence of what a witness has testified to, in a former trial of the same cause, between the same parties, at a subsequent trial, if the witness has deceased.

The other objections to the admission of the account and letter of Cobb, were not well taken, as he was, at the time of making the entry and writing the letter, the owner and holder of the note. He never indorsed nor sold the note to the plaintiff. He refused to put it in suit, and, a long time after the payment of it, he delivered it over, with his indorsement thereon, to Leland, the person who paid it.

The judgment of the county court is affirmed.