WILLIAM H. HARRISON v. WILLIAM EDWARDS.

In the case of contracts made in a foreign state or country, the validity and extension, as well as the payment, tender or release of such contracts, must be determined by the *lex loci contractus ;* but the form of pleading and trial, the quality and degree of evidence, and the mode of redress, will be according to the *lex fori.*

Hence, in the case of a promissory note made between parties resident in the state of New York, and there negociated, while yet current, but paid by the maker before maturity, and afterwards sued here, in the name of a *bona fide* holder for value, the maker cannot avail himself of the payment in defence, although by the law of Vermont, in force at the time of such payment, it would have afforded a good defence to the action.

THIS was an action of assumpsit, brought by the plaintiff as bearer of a promissory note, given by the defendant to Zuriel Waterman or bearer, for fifty dollars and interest, dated November, 12, 1832, payable on the first day of February, 1835.

The defendant pleaded *non assumpsit,* and a note in offset, dated February 7, 1832, given by said Waterman to the defendant, or bearer, for $145,98, payable in the month of August, 1832, with interest.

Issues were joined to the court.

Upon the trial in the county court, it was admitted that the note, declared upon by the plaintiff, was executed in Canton in the state of New York, where the parties then lived, and that it was sent from New York into this state, for collection, in November, 1837. The plaintiff read the note in evidence without objection.

The defendant read in evidence the note pleaded in offset and a receipt, in full of all demands, executed by Waterman to the defendant, dated April 6, 1833.

From this evidence the county court rendered a judgment for the plaintiff to recover against the defendant the amount of the note described in the plaintiff's declaration, and the defendant excepted to the decision.

*S .A. Willard and L. P. Poland,* for defendants.

The county court erred in deciding that the note against Waterman, pleaded in offset, by the defendant, and the receipt from Waterman, did not constitute a valid defence to the note sued.

It is true, that under the decisions of this court, *Parker* v. *Kendall,* 3 Vt. R. 540, and *Potter* v. *Bartlett,* 6 Vt. R. 248, this defence could not have been made by Edwards, had the note been executed previous to the statute of November 1, 1832, without showing that the plaintiff took the note after it had become due.

But the note sued was executed since the passing of the statute of 1832, so that this case is entirely withdrawn from the effect of those decisions. In the last mentioned case, of *Potter* v. *Bartlett,* the court expressly say that it would be otherwise with notes executed since November 1, 1832.

By that statute, the proviso to the first section of an act passed October 30, 1789, stat. vol. 1, 144, is extended as well to cases brought in the name of the bearer, or assignee of a note, as to cases brought in the name of an *indorsee.* Stat. vol. 2, p. 31.

This proviso, and the act in explanation thereof, were both repealed by an act passed November 17, 1836. See Pamphlet Laws, 1836, p. 5. But, by a proviso to the repealing act, it was provided, " that nothing in this act shall impair any right which has accrued under the act to which this is an amendment."

There can, then, be no doubt that, if this note had been executed in this state, and remained here, the note pleaded in offset, and the receipt, would have formed a valid defence to the action, as it does not appear from the case that the defendant was ever notified that the note had been transferred, until the commencement of this suit.

This, then, presents the question, whether the rights of the parties are altered, by the fact that this note was executed in the state of New York, and remained there until after the repeal of our statute above mentioned ?

It is familiar law, that, as to the *validity, obligation, interpretation, requirements* and *legal effect* of a contract, the *lex loci contractus* governs.    But, as to any thing connected with the *remedy*, and all the incidents, the *lex fori* obtains. Statutes of limitation, and statutes allowing a *set-off*, &c., have frequently been determined to belong to the *lex fori*. *Pickering* v. *Fisk*, 6 Vt. R. 108.

Had this note been sent into this state to be enforced against the defendant previous to November 17, 1836, it is very clear that he would have had a right to have set up his note against Waterman, and the receipt from him, as a defence.    And we contend that the plaintiff, by keeping back his note until after that time, cannot deprive the defendant of this defence.

*H. P Smith*, for plaintiff.

I.  The plaintiff sues as bearer of a note, executed by the defendant to one Waterman, and, as such, he can maintain the action, and the rights of the parties must be governed by the common law principles applicable thereto.    *Matthews* v. *Hall*, 1 Vt. R. 316.    *Potter* v. *Bartlett*, 6 Vt. R. 248.

II.  From the facts in the case, the plaintiff must be considered as the lawful bearer of the note, as having received it *while current*, free from all payments, offsets or defences which could be made in a suit in favor of the payee, except gambling and usury.    He is not to be affected by, or subject to any payment the defendant may have made the payee before it became due, nor to any offset or matter in discharge which may have accrued against the payee, before the note became due.    See cases above cited, also, *Parker* v. *Kendall*, 3 Vt. R. 540.

LAMOILLE,
*April,*
1840.

Harrison
*v.*
Edwards.

III. The presumption, in law, in the transfer of a negotiable note, whether payable to *order* or *bearer*, is, that it was negotiated and transferred on the day of its date, or, at least, before it was due ;—therefore, if the maker, in an action against him by the indorsee, or bearer, relies upon a payment to the payee, or upon an offset or matters in discharge against the payee, it is incumbent upon the maker to show that the note was negotiated after it became due and subsequently to the payment or accruing offset or matter relied on in defence. Bailey on Bills, 2 Am. Ed. 137. 8 Wend. 600. Chitty on Bills, (note 1) 129, and cases there cited.

IV. The defendant claims his right of offset by virtue of the statute of 1832. Stat. Vol. 2, p. 31. But he is not aided by that statute for he never acquired any rights under it. That statute was repealed in 1836, and the note in suit first came into this state in 1837, previous to which time it was in the state of New York, where the parties resided when the note was made and negotiated, and continued to reside until after the statute of 1832 was repealed.

The opinion of the court was delivered by

REDFIELD J.—Although it does not appear in proof, in this case, at what time the note, now in suit, came into the hands of the plaintiff, the note, passing by delivery, will be presumed to have come to the plaintiff while it was still current, and before its maturity. Under this state of facts, by the rules of the common law, which obtain in the state of New York, the defence offered cannot prevail. No payment made to the payee of a negotiable promissory note, while the same is not yet overdue, will avail the maker of the note, as against a *bona fide* holder for value, whose title accrued before the note became due.

But by the law of this state, then in force, such defences would avail the maker, although the law is otherwise in this state, at the present time. The defendant insists, that this law of Vermont will now avail him in his defence ; but the court think otherwise. All the parties to this note, at the time of its execution, negotiation, and payment, resided in the state of New York, where these several contracts were executed. It is obvious, then, that the law of that state must govern those incidents.

It is a well settled rule, in regard to the construction of contracts, that their *validity* and *extension*, as well as *performance* or *release*, must be determined by the law of the place of contract. These incidents are to be determined by that law, for the reason that the parties are presumed to have contracted with reference to that law only, and, to determine these matters by the law of any other place, would be to contravene the probable intention of the parties. Hence, when the parties, although contracting in one country, are domiciled in another, where the contract is to be performed, the *lex loci domicilii* will prevail. And when the parties enter into a contract in one place, to be performed in another place, the matters of payment, tender, or release, will be governed by the *lex loci solutionis.*

It is true, indeed, that the mode of trial, by which is meant the form of pleading, the quality and degree of evidence, and the mode of redress, must always be determined by the law of the place of trial. No *forum*, in which a remedy is given to foreigners, or upon foreign contracts, is expected to adopt the forms of trial of the foreign country. Hence, in the present case, the mode of pleading or proving this payment, or set off, must be determined by our law *now in force*, and not the law in force at the time the transactions happened; but the effect of the defence in precluding a recovery, whether as a payment or offset, must be determined by the *lex loci contractus.*

Judgment affirmed.