# GRAFTON,

## JULY TERM, A. D. 1844.

### BLISS v. HOUGHTON.

The laws of the place in which a contract is intended to be performed, settle its validity and effect.

The place of the common domicil of the parties to a contract, is presumptively the place of its performance.

The courts of this State, if their forms of procedure admit of it, give effect to the laws of the place of the contract, in settling its validity and effect.

In an action by the indorsee of a note, all the parties to which resided in Vermont, the defendant may, under the general issue and a brief statement, prove that the payee was then indebted to him in a smaller sum, of which the defendant gave notice, and tendered the balance to the plaintiff before the action was commenced.

ASSUMPSIT. Under a count for money had and received, the plaintiff proved a promissory note made by the defendant on the 19th day of January 1833, for $100, payable to one Peter Parker or order in two years with interest annually, and by him indorsed to the plaintiff.

Upon trial of the general issue, with a brief statement, it appeared that on the 19th day of January 1835, the defendant was the holder of a promissory note made by Parker on the 21st day of April 1832, for $60, payable to one Newhall or bearer in two years with interest, and on that day, tendered that note together with $36.11 in money, to the plaintiff.

It also appeared, that the parties to the action as well as all the parties to the notes, were at the several dates of

the notes, and ever since, inhabitants of the State of Vermont.

To the admission of the evidence to prove these facts, the plaintiff excepted. A verdict was rendered for the defendant, which the plaintiff thereupon moved to set aside.

*Perley,* for the plaintiff.

*C. E. Thompson,* for the defendant.

Woods, J. It is a well established principle of jurisprudence, that the effect and validity of contracts are to be determined by the laws of the place in which they are intended to be performed. The place of performance may be indicated by the terms of the contract itself, or it may be legally inferred from circumstances. If the parties to a contract have a common domicil, the legal presumption in the absence of evidence is, that they intend to perform it there, therefore its validity and meaning will be according to the laws of that domicil. Every forum in the civilized world is presumed to proceed upon these familiar principles, and will enforce the foreign contract in conformity to the laws applicable to it, provided the course of procedure and practice in such forum, admit of their application.

An obvious reason for this, is, that parties are supposed in making their contracts, to settle their terms with reference to the laws of the place of their performance; which laws, by such reference, become a necessary part of the contract itself. If a different rule were to be applied, the consequence might often be, that parties, through the accident of being within a foreign jurisdiction, would be involved in obligations into which they never voluntarily entered, or on the other hand, find themselves absolved from such as would have justly bound them by the terms

as understood and intended by themselves, in entering upon the engagement.

The decisions on this subject are very numerous. The cases of *Harrison* v. *Edwards*, 12 Vt. 648, and *Wheeler* v. *Walker* 12 Vt. 427, show plainly that the principle is recognized in that State.

The defendant is the maker of the note in suit, which was payable to Parker, and on the 19th day of January 1835, was the holder of a note for a smaller sum against Parker. This, it seems by the laws of Vermont, he may have the benefit of in the way of a set-off against the holder of the note in suit. Of this the plaintiff had notice, and before suit was served with a tender of a sum of money equal to the difference between the sums due on the two notes. The defence was by the laws of the parties' domicil perfect.

The precise form in which the party avails himself of such a defence in the courts of Vermont is not material. The only question is, whether this defendant, in setting up the matter, has adopted a form by which this court can give him the advantage of it; for we must confine ourselves to our own forms of remedy, and can not adopt those of the foreign tribunal.

The plea of tender and the plea of set-off are forms or modes of defence familiar in our practice, and so is the use of the brief statement instead of those pleas. A tender may, in either form, be set up as a defence *pro tanto*. And a set-off is a form in which the note held by the defendant against Parker on the 19th day of January 1835, may be made to take the effect which the laws of Vermont accord to it as an answer, for so much, to the action upon the note in suit.

A case is therefore presented, in which the comity of States, and the most obvious considerations of justice, require us to give effect to the defence set up. By the laws of the place where the contract was made, which, as

has been said, form a part of the contract itself which resulted between the parties to this suit from the indorsement under which the plaintiff claims, his right under that act extended no further than to enable him to recover of the defendant the sum which he owed the indorser at the moment of the transfer. This it appears was nothing at all, except the money which had been tendered, and which has been brought into court.

This right or exemption of the defendant, the form which he has adopted in our court is well fitted to secure to him. Should we refuse to recognize the laws of the neighboring State in this instance, we should be lending the aid of our forum to charge the defendant with an obligation into which he never voluntarily entered, and upon the other party we should confer an advantage to which he was not entitled by the contract which he made. There must be

*Judgment on the verdict.*