## THAYER *v.* ELLIOTT & a.

Exceptions do not lie to the orders of a judge concerning matters referred to his discretion not reduced to rule.

A contract void by the laws of the place of its performance, is to be regarded as void in the courts of other States.

ASSUMPSIT on a promissory note made by the defendants. The defendant Elliott, in bar of the further maintenance of the action as to him, pleaded his discharge in bankruptcy; to which plea there was a special demurrer and joinder. The defendant, Morse, pleaded the general issue, which was joined, but objected to proceeding to trial till judgment should be rendered upon the demurrer, because

Thayer *v.* Elliott.

that Elliott would, if his plea should be sustained, be a material witness for him. But the court directed the trial to proceed, to which direction the defendant excepted.

On the trial it appeared that the note in suit was made in the State of Massachusetts, on Sunday, but was to have been paid in the State of Connecticut, and that by the laws of Connecticut a note made on Sunday is void.

A verdict was thereupon directed for the plaintiff for the amount of the note, to which the defendant excepted, and the questions of law arising upon the exceptions were transferred to the Superior Court for determination.

*Thompson,* for the plaintiff.

*Wilcox,* for the defendants.

WOODS, J. In cases like the present there is no course of practice which settles the priority of the trial; and it must be left to the discretion of the judge who has the direction of the business of the term, to order the issue of fact or the issue of law to be first disposed of, as convenience or considerations of justice may require. Of course no exception lies to his orders in such cases. They proceed upon a discretion which has not been and probably can not be reduced to rule. They can not, consequently, infringe upon parties' rights, and are incapable of being revised by any standard. The exception which was taken to the refusal of the judge to postpone the trial of the issue of fact till the issue of law should be disposed of, can not therefore be revised in this court and must be dismissed.

It is a well settled rule, founded upon the rights and the comity of States, as well as upon sound principles applicable to the construction of contracts, that their effect and validity shall be determined by the laws and

customs of the State in which they are intended to be performed, wherever the parties may have been at the making of such contracts.   And it is no matter whether the place of performance be indicated by the nature or terms of the contract itself, or by the less cogent inferences from the actual or expected domicil of the parties, or by other competent proofs.   The authorities to this point are very numerous, and the reasons are, in the first place, that parties making a contract are presumed to refer to the laws of the State by which it is to receive its construction, which are for that cause deemed and taken to be a part of the contract itself; and secondly, the rights and comity of States in general forbid the forum of one of them to be used to enforce agreements entered into against the peace and reasonable policy of another.   Chitty on Bills 193 ; Story's Conf. Laws, sec. 280 ; *Andrews* v. *Pond,* 13 Peters 77 ; *Robinson* v. *Bland,* 2 Bur. 1077 ; S. C., 1 W. Bl. 258 ; *Harrison* v. *Edwards,* 12 Vt. 648.

The note in controversy was made to be paid in Connecticut, where it was wholly void in law, and not recognized as a contract binding upon any party.   This is sufficient.   It was for that reason void from its inception, and can not gain effect or validity by a change of scene or by being brought into a foreign court.   For this cause the verdict must be set aside and a

*New trial granted.*