FRANKLIN H. WHEELER AND OTHERS v. ARTEMAS WASHBURN.

### *Principal and Surety.*

M. as principal and W. as surety, executed a promissory note to G., for two hundred dollars. M. made a contract with G., in which G. agreed, on the payment of one hundred dollars on the said note, within two days, that neither of the signers should be called upon for the balance, until certain property, placed in G's. hands as security, was disposed of, and if not disposed of within six months, interest should not be cast after that time. It was held, that this contract did not discharge W. the surety, from his liability, though made without his knowledge or consent.

ASSUMPSIT on a promissory note, and was tried upon issue to the Court.

Upon the trial the plaintiffs, who were indorsees of the note,

read in evidence without objection, the note declared on, its execution and indorsement being conceded, and then rested.

The defendant read the deposition of E. Mattoon in evidence, in which appeared the following agreement:—

"Brattleboro', January 24, 1851."

"Provided Mr. Elijah Mattoon, Jr., pay $100 within two days, "on the note which I hold against him and Artemas Washburn, "I hereby engage that neither shall be called upon for the bal- "ance, till I shall sell at the price he paid me, all the books be- "longing to said Mattoon, which he left with me on sale, I further "agree, that should I not dispose of said books, within six months "from the first of February next, they shall not be called upon "for the payment of any interest on said note after the expiration "of six months as above."

     Signed,                    "JEREMIAH GREENLEAF."

It also appeared by the said deposition that the $100 was never paid, and that this agreement was made without the knowledge or consent of Artemas Washburn, the defendant. Other facts appeared in said deposition, but were not passed upon by the court. The defendant insisted, that he was discharged from the payment of said note.

The county court, September term, 1851,—COLLAMER, J., presiding, decided that the defendant was not discharged by the matters embraced in said deposition, and rendered judgment for plaintiffs, to recover the amount of said note and costs.

Exceptions by the defendant.

*A. Keyes* for defendant.

It is a principle well settled, that if the creditor make a binding contract with the principal to enlarge the time of payment, it discharges the surety. Chit. on Cont., 417. Burge on Suretyship, 204. *Austin* v. *Dorwin*, 21 Vt. 38.

What is meant by a *binding contract* has been decided differently by different courts. In some of the States, and in England the early cases make it necessary, that the contract tie up the hands of the creditor, so that he cannot sue the original claim, but the modern decisions have only required that there be a consideration for the contract to delay. *Wheat* v. *Kendall*, 6 N. H., 504. *Bai-*

*ley* v. *Adams*, 10 N. H. 163.    *Vilas* v. *Jones*, 10 Paige, 76. *Austin* v. *Dorwin*, 21 Vt. 38.

*E. Kirkland* for plaintiffs.

1. The giving of time does not discharge the surety, if the right to sue is retained.    *Oxford Bank* v. *Lewis*, 8 Pick. 458.    *Central Bank* v. *Willard*, 17 Pick. 150.    *Bank of Utica* v. *Ives*, 17 Wend. 501.    Chit. on Bills 446.

2. An agreement, to delay, made upon a promise to pay *extra* or *usurious* interest, is not a valid, nor a binding consideration, and does not prevent the creditor from sueing, or the surety from paying and sueing himself, and therefore does not discharge the surety.    *Vilas* v. *Jones*, 10 Paige 76.    *Vilas* v. *Jones*, 1 Comstock 274.    *Kyle* v. *Bostwick*, 10 Ala. R. 589.    9 U. S. Dig. Art. 143.    9 ib. 408, Art. 36.    8 ib. 340, Art. 49.    7 ib. 454, Art. 39.

3. The agreement, with Greenleaf, is not binding on him, as it was without consideration, and a mere *nudum pactum*.    *Pomeroy* v. *Slade et al.*, 16 Vt. 220.    *Wheeler* v. *Wheeler*, 4 Vt. 66.    *Pabodie* v. *King*, 12 Johns. 426.

The opinion of the court was delivered by

ISHAM, J.    The defendant is prosecuted as surety upon the note described in the declaration, and claims to be discharged from any liability in consequence of a delay of payment granted by the creditor to the principal, without his knowledge or consent.

The case on examination seems destitute of those considerations necessary to make a defense of this character.    To give effect to such contract, it is necessary that it be sufficiently certain to bind the creditor to delay, as between him and the principal,— something must have been done varying the legal and equitable liability of the principal, and entitling him to postpone the performance of the contract to a period more remote, than that fixed for its fulfillment.    And if it wants any of those characteristics necessary to make it effectual as such, and render it legally binding, the surety will not be discharged.    The test in all these cases is this: Could the agreement to delay have been enforced against the creditor either as a defense to the note, or as a cause of action.    If it could the surety will be discharged, otherwise the agreement will be inoperative for that purpose.    2 Leading Cases in Equity, pt. 2, 379, 380.

It is upon this principle, that it has uniformly been held in equity as well as at law, that the contract must not only be definite and certain in its provisions, but founded also upon a good and sufficient consideration. The court in allowing the exceptions in this case, refer to the deposition of Mattoon as containing the facts found to exist. The note was executed by Elijah Mattoon as principal, and the defendant as surety to Jeremiah Greenleaf, and was transferred to the plaintiffs by Greenleaf as collateral security for claims they held against him. The contract of Mattoon with Greenleaf was made January 24, 1851, in which he agreed on the payment of one hundred dollars on this note, within two days, neither of the signers should be called upon for the balance until certain property which had been previously placed in his hands, as security was disposed of, and if not disposed of within six months from the first of February then next, interest should not be cast after that time.

If the creditor had commenced a suit upon this note after making that arrangement, it is obvious from the authorities, that it would be no defense, nor would that contract be a ground of action,— even if the instrument is considered as having that mutuality that gives it the character of a contract between them, for the reason that there is no legal consideration for the contract. It is a mere *nudum pactum.* The promise to pay one hundred dollars was an agreement to do no more, than he was under both moral and legal obligation to do, without such promise. It created no new duty, nor added to its binding obligation. Even the actual payment of that sum after the debt was due, would not make a legal consideration for a promise of forbearance. Much less is a *mere promise* so to do, sufficient for that purpose. *Pomeroy* v. *Slade,* 16 Vt. Rep. 222. *Lynch* v. *Reynolds,* 16 John. Rep. 41. 3 Kent's Com. 146. *Russell* v. *Buck,* 11 Vt. 166.

It becomes entirely unnecessary therefore to refer to the contract made with Greenleaf, in relation to the one hundred dollars, and the agreement to pay twelve per cent. for the forbearance of that sum, for six months or longer, or to pass upon the various questions which have been urged as arising therefrom. The object of that testimony was to show a performance of the condition of that contract in the payment of the one hundred dollars, or that which was its equivalent; an excuse for its non-payment,

so that this case might stand upon the same ground as if that money had been paid as agreed. Now grant this to be true, or suppose that sum had been paid as stipulated by the parties, or paid on the day and at the time the contract between Mattoon & Greenleaf was made, still the above authorities are conclusive in this State, that a payment of part of a debt, when the whole is due, is no consideration for a promise of forbearance for the remainder. It would have been no defense in an action on the note, nor be a ground of action if the note had been immediately prosecuted thereafter.

The charge of the court therefore was correct, that the contract stated in Mattoon's deposition was not sufficient to discharge the defendant as surety.

The judgment of the County Court must therefore be affirmed.