### Ephraim Hutchins *vs.* Charles R. Nichols.

An agreement by the holder of a negotiable promissory note never to sue the maker thereon, and not to call on the indorser for a period of nine months, suspends, but does not destroy, the claim against such indorser.

Assumpsit against the indorser of the following promissory note: " $689.50. West Boylston, February 21, 1848. For value received I promise to pay Chas. R. Nichols or bearer, six hundred and eighty nine dollars and fifty cents on demand, with interest. Henry F. Holt."

At the trial, in the court of common pleas, the defendant admitted the indorsement of the note in blank.

It appeared also that the defendant, when holder of the note as the payee thereof, negotiated it to Messrs. J. W. Blodget and company of Boston for a valuable consideration; whilst said note was held by said Blodget and company, viz: in December, 1848, they entered into an arrangement with Holt, the maker of the note, by which they received of him a negotiable promissory note signed by him, as principal, and one Lees, as surety, and payable to said Blodget and company, for three hundred and sixty-nine dollars, in three months and

eight days from date, and which was paid by said Holt at maturity; and the amount thereof was indorsed on the note now in suit; that in consideration of said note, and at the same time, and as a part of the same transaction, a paper was given by Blodget and company to Holt, of which the following is a copy, viz : " Boston, December 21, 1848. In consideration of one dollar to us paid, we agree with Henry F. Holt that we will not sue or molest him in any manner by reason of any claim we have against him, and especially for a note of $689.50, nor at any time hereafter call upon him for the payment of said note. That we will withdraw the attachment we now have upon his goods and real estate, and will at any time, when he so requests, give our consent to his discharge in chancery, if he should apply for the benefit of the chancery laws. And we also agree not to call on Charles R. Nichols, as indorser of the note of $689.50, for the space of nine months from the date hereof. J. W. BLODGET & Co."

Some time after this agreement with Holt, said Blodget and company indorsed the note, for a valuable consideration, to the present plaintiff. On the above state of facts, the presiding judge, *Mellen*, J. ruled that this action could not be maintained, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*B. F. Butler*, for the plaintiff.

*J. G. Abbott*, for the defendant. 1. The present plaintiff, having taken the note sued on, after it was dishonored, the defendant is entitled to the same defence as if the note had remained in the hands of his indorsees, Blodget and company, and been sued by them.

2. The agreement made by Blodget and company, when holders of the note, with Holt, the maker of the note, was, in legal effect, a release and discharge of him from all liability on the note. Burge on Suretyship, 153; Story on Notes, § 408, 2 Greenl. Ev. § 28.

3. It was not necessary, in order to discharge Holt, the maker of the note, that the agreement made by Blodget and company with him, should be an instrument under seal, there

being a valuable consideration for it, a verbal agreement would have been sufficient. Burge on Suretyship, 153 ; *Ex parte Wilson*, 11 Ves. 420 ; Story on Notes, § 408 ; 2 Greenl. Ev. § 28 ; *Fowler* v. *Brooks*, 13 N. Hamp. 240 ; *Lee* v. *Oppenheimer*, 2 Redington, 253.

4. Holt, the maker of the note, having been discharged therefrom by Blodget and company, it follows that the indorser, Nichols, was also discharged. Story on Notes, § 423 ; Burge on Suretyship, 153 ; *Lynch* v. *Reynolds*, 16 Johns. 42 ; 2 Greenl. Ev. § 201.

5. But whether the agreement made by Blodget and company with Holt, be construed to be a discharge to him of his liability as maker of the note, or a mere contract of delay to collect the note, in either case, the indorser is discharged, for it is well settled that an agreement by the holder of a note or bill of exchange made with any antecedent party to such note or bill, to give them time for payment, will discharge all subsequent parties liable to the holder. *English* v. *Darley*, 2 Bos. & Pul. 61 ; *Hubbly* v. *Brown*, 16 Johns. 70 ; *Woodman* v. *Eastman*, 10 N. Hamp. 359 ; Story on Notes, § 413 ; *Fowler* v. *Brooks*, 13 N. Hamp. 240.

6. The holders of the note having, by a valid agreement, bound themselves not to sue the maker of the note, they and those claiming under them, are estopped by such agreement to call on the indorser. *Sargent* v. *Appleton*, 6 Mass. 88 ; *English* v. *Darley*, 2 Bos. & Pul. 61.

7. The agreement made by the holders of the note with Holt, the maker, to assent to his discharge in case he should go into insolvency, and also not to call on the indorser for nine months, so that the maker might have obtained his discharge under the insolvent laws, while the indorser was ignorant of what was being done, or that he ever was to be called upon, was evidently an attempt at fraud upon the rights of the indorser.

METCALF, J. We are of opinion that the agreement of December 21, 1848, made with Holt, the promisor, by Blodget and company, the holders, must be construed as a reserve

Hutchins *v.* Nichols.

by them of their remedy, after the expiration of nine months, against the defendant, the indorser, for the balance remaining due on the note. The stipulation, that they would not sue the defendant within nine months, necessarily implies that they reserved the right to sue him after that time. Upon any other construction, the agreement to give him time was nugatory. For, after their agreement not to call further on Holt, Blodget and company had no legal claim on the defendant, (Chit. on Bills, 10th Am. ed. 411; *Lynch* v. *Reynolds,* 16 Johns. 41 ;) except by virtue of a reserve, made in that agreement, of their remedy against him. But by reserving that emedy, they saved their claim against him, as was decided in *Sohier* v. *Loring,* 6 Cush. 537.

The agreement to give time to the defendant was for the benefit of Holt, with whom the agreement was made ; as it saved him from a liability to the defendant, to which he would have been immediately subject, if Blodget and company had refused to compromise with him, and had called on the defendant to. pay the note. And that agreement could not injure the defendant ; for he might have voluntarily paid the balance of the note to Blodget and company as soon as he pleased, and thereupon have sued Holt forthwith, if he apprehended that, at the expiration of nine months, he would be less able to pay. The legal effect of Blodget and company's agreement with Holt was, that he should be discharged from their claim on him, and that they would not, by a compulsory process against the defendant, subject Holt to a claim on him by the defendant, till after the lapse of nine months.

*New trial ordered.*