HOWARD v. FLETCHER.

In a suit on a note made and payable in Vermont, the law of that state relating to sureties applies, and by that law they are not discharged by an extension of the time of payment, unless the agreement for extension was in writing, signed by the creditor.

The statute of limitations is not a defence in this state, when the defendant has not, since the action accrued, resided within the state.

ASSUMPSIT, upon a promissory note, dated December 27, 1866, payable to the plaintiff or bearer on demand, with interest annually, and signed by Charles L. Fletcher and the defendant.   Interest for each year for eight years was indorsed upon the note, the indorsement for 1872 being signed by Charles L. Fletcher.   Plea, the general issue, with a brief statement that the plaintiff, without the knowledge of the defendant, who was a surety on the note, agreed with Charles L. Fletcher to extend the time of payment, in consideration of the payment of interest and a renewal of the note; also, the statute of limitations.

The parties have never resided in this state.   The note was made in Vermont, and the defendant was a surety upon it.   There was evidence that the defendant, in 1872, requested the principal maker to pay it, and that the latter offered to pay it to the plaintiff, who requested him to let it remain; and he did so, signing the indorsement of interest paid at that time to renew the note.   The law of Vermont, on the subject of extending the time of payment and performance of contracts secured by sureties, was in evidence. The defendant excepted to the exclusion of evidence that the principal maker, at the time he offered to pay the note, had property sufficient with which to do it.   A verdict was ordered for the plaintiff, subject to the defendant's exception.

*Bellows* and *Eddy*, for the plaintiff.

*Fletcher* and *Woodward*, for the defendant.

ALLEN, J.   The note was joint and several *(Humphreys* v. *Guillow,* 13 N. H. 385; *Ladd* v. *Baker,* 26 N. H. 76), but it might be shown that the defendant was a surety only by the understanding of the parties when he signed it.   *Grafton Bank* v. *Kent,* 4 N. H. 221; *Whitehouse* v. *Hanson,* 42 N. H. 9; *Maynard* v. *Fellows,* 43 N. H. 255.   The payment of interest due on the note by the principal maker was not a good consideration for an agreement to extend the time of payment; and the agreement had no binding force, and did not have the effect to release the defendant.   *Joslyn* v. *Smith,* 13 Vt. 353; *Wheeler* v. *Washburn,* 24 Vt. 293.   By the law of Vermont relating to sureties (Gen. St. Vt., *c.* 66, *s.* 4), which governs this contract *(Bliss* v. *Houghton,* 13 N. H. 126—*S. C.,* 16 N. H. 90; *Low* v. *Railroad,* 45 N. H. 370, 377; *Harrison* v. *Edwards,* 12 Vt. 648), no agreement between the creditor and principal debtor to extend the time of payment or performance of the contract has any binding effect, unless made in writing reciting the consideration, and signed by the creditor.   The indorsement of interest on the note by the principal maker was not a writing reciting the con-

sideration of any agreement, nor one signed by the creditor, and there was no competent evidence of any agreement to extend the time of payment which had the effect of discharging the surety. The defendant being absent from and residing out of this state, where the suit is brought, at the time the cause of action accrued and ever since, the action is not barred by the statute of limitations. Gen. St., c. 202, s. 8; G. L., c. 221, s. 8; *Dudley* v. *Kimball*, 17 N. H. 498, 500; *Paine* v. *Drew*, 44 N. H. 306, 310. The refusal of the plaintiff to collect the note of the principal maker at the request of the defendant was no defence, and the fact that the principal maker had property sufficient to pay the note was not competent evidence to support anything pleaded, and was properly excluded. *Davis* v. *Huggins*, 3 N. H. 231; *Mahurin* v. *Pearson*, 8 N. H. 539; *Crane* v. *Stickles*, 15 Vt. 252; *Hickok* v. *Farm. & Mech. Bank*, 35 Vt. 476.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.