Per Curiam.

The Court are now called upon to give an opinion upon the question on which they declined giving one, *221 when this cause was incidentally formerly before them, in a suit in equity, between the same parties, upon the same subject.[1] The facts briefly are, that the plaintiff’s testator, William Watson, and the defendant, were formerly co-sureties for Samuel D. Watson, the son of the testator, on a bond to the judge of probate, upon which, as such sureties, they became liable to pay a sum of money ; that the whole was paid by the testator; that Samuel D. Watson then was and still is insolvent and unable to reimburse the amount thus paid, and this action is brought against the defendant, as co-surety, for a contribution. The facts agreed show that William Watson, in his lifetime, never called on the defendant for such contribution, that he made his will, under which the plaintiff acts as administrator cum test, annex., by which he gave sundry specific legacies, and then made his son, the same Samuel D. Watson, executor and residuary legatee and devisee. It further appears, that without this debt, there are assets of William Watson’s estate, sufficient to pay all the debts and specific legacies ; but that the personal estate is not sufficient for that purpose, and if this debt is not recovered, it would be necessary to apply some portion of the real estate, and that such real estate has been levied upon by the creditors of Samuel D. Watson, on the ground that the estate passed to him by the residuary devise.
The right of one co-surety who has been compelled to pay the whole or a disproportionate part of the amount due, where the principal is unable, though originally a strictly equitable right, is now recognized as a good claim, at law, and an action may be maintained to enforce it. Cowell v. Edwards, 2 Bos. & Pul. 268 ; Deering v. Winchelsea, ibid. 270. It is clear therefore, that when the testator paid this money, as surety for his son, the defendant, as his co-surety, was liable to an action for contribution. Has this right been extinguished ?
It is material to consider, in answering this question, that although a co-surety is liable to contribute, yet such liability is a collateral obligation only, that the principal is originally liable to reimburse the whole amount paid by the surety, and the obligation of the co-surety is contingent only, dependent upon the inability and failure of the principal, thus to reimburse. It *222 follows as a necessary consequence, that whatever discharges the principal, will of course discharge the collateral and contingent liability of the co-surety.
The question then recurs, whether by the facts shown, it appears that Samuel D. Watson has been discharged from this debt to his father, or whether the plaintiff, as executor of the will of the father, could now maintain an action against Samuel D. Watson, for the money thus paid, as his surety. If not, it seems quite clear, that the action cannot be maintained against the defendant for contribution.
It may here be proper to make a preliminary remark, in regard to the claims of those creditors of Samuel D. Watson, who have levied upon the real estate devised to him. It is pressed as a strong equitable claim, upon the consideration of the Court, that if this action does not prevail, and if the supposed debt due from the defendant is not recovered, the personal property will be insufficient to pay the debts and specific legacies, and therefore some of the estate levied on by these creditors, must be taken to discharge such debts and legacies, and to that extent their rights will be defeated, Samuel D. Watson being wholly insolvent and unable to make them any other satisfaction. This argument is ansvrered by an equitable claim, which seems to us equally strong on the part of the defendant. If this action is maintained, the defendant is to be charged as the surety of Samuel D. Watson, and will have a good legal claim over against him for a like amount, and he will therefore be a creditor of Samuel D. Watson, equally unable, on account of his insolvency, to obtain any satisfaction for the debt, with which he would thus be charged. As creditors of Samuel D. Watson, therefore, these parties stand upon an equal footing in point of equity, and the result must depend upon their respective legal rights. These creditors claim under Samuel D. Watson, and can only hold by their levies such estate as he takes under his father’s will.
By this will, William Watson gave to his son, Samuel D. Watson, after certain specific legacies, the whole of his real and personal estate, and made him executor.
We may lay out of the case the fact, that Samuel D. Watson did not in fact take upon himself the burden of the exeeu *223 tion of this will, it being found that the reason why he did not do so was, that he could not procure the requisite sureties. The obvious inference from this fact is, that he did not renounce or refuse to accept any beneficial provision made for him under the will. Whatever benefit therefore he would have had under the will, had he acted as executor, he is entitled to, as the facts now are. A case may be supposed, where a gift is made to one who is also named as executor, and where it appears by the will, that the gift was made in consideration that he would act as executor, and if from any cause he should fail to prove the will and take the burden of the executorship, it might be well held that the gift would fail also. But there can be no reason to put such a construction on this will, where a father gives the residue of his estate to his son, and where it is manifest from the whole tenor of the will, that the son was the principal object of bis bounty.
Another difference, also, may be suggested, where a debtor is named executor, between the cases where he does, and where he does not accept the office and act as executor.
It is now well established, that naming a debtor executor, or even the release of a debt in terms, by will, does not extinguish the debt, so but that it remains as assets for the payment of the testator’s debts. It is rather in the nature of a legacy, tcs take effect only after the payment of debts. But where such debt is necessary, the mode of accounting is different, where the debtor does, and where he does not act as executor. In the former case, as he cannot sue himself, the debt is considered as already in his hands, and he must account for it in his executorship account, as so much money paid. Stevens v. Gaylord, 11 Mass. R. 266.[1] But when the executor does not act as such, no such reason exists against bringing a suit, and therefore an action might be maintained. So we think, in the present case, were the debt due from Samuel D. Watson necessary to the payment of the debts of the testator, inasmuch as he would have been bound to credit the amount in his account, had he acted as executor under the will, so here he-would be liable to an action at the suit of the plaintiff as such *224 executor. But this consideration does not apply to the present case> it being found that, without this debt, the executor has assets to pay the debts and all the specific legacies.
As the facts stand, it is obvious that this debt, if recovered, is not to enable the executor to pay debts or specific legacies, but to enhance the residuum, which is to go to Samuel D. Watson himself beneficially, not in consequence of his being named executor, but as a residuary legatee and devisee, whose claim is the same under the will, as if he himself had acted as executor.
The substantial ground of defence is, that in the event which has happened, the testator has given and bequeathed to his son, Samuel D. Watson, the amount of' all debts due from him, which would go to compose the residue of his estate, that is, such debts as are not necessary to pay debts or specific legacies, that the debt in question is of that character, and therefore, by operation of the will, is extinguished and discharged ; and the debt against the principal being discharged, that against the defendant is of course discharged also. And the Court are all of opinion that this defence is well maintained.
The gift of a debt by will, to the debtor, does not operate immediately as a release, although so denominated, but rather as a legacy requiring the assent of the executor, for the obvious reason, that like other legacies it will not be absolutely available, unless there be other assets for the payment of debts ; Rider v. Wager, 2 P. Wms. 331 ; but when not required for the payment of debts, and the assent of the executor is given, or presumed, such gift operates by way of releáse or extinguishment to avoid circuity of action. Sibthorp v. Moxom, 3 Atk. 580. Were it otherwise, the executor would recover the debt to the use of the debtor himself, and be bound to repay it to the debtor himself, which would be useless. We can perceive no difference in this respect, between the release or gift of a particular debt to the debtor himself, and a similar gift or release by a general bequest, where it is evident from the condition of the estate, that the debt, if recovered, would only go to swell that residuum. Had Samuel D. Watson himself taken upon him the office of executor, agreeably to his appointment by the will of his father, we think he could not have *225 been called upon to account for the debt due to his father, merely to swell the residuum, and thereby to charge his own sureties with the amount, and a fortiori that he could not have maintained an action for a contribution against the present defendant, to increase a residuum, which by the will was to enure to his own benefit. And if he himself, in the case supposed, would not have been liable to account as a debtor to the estate, we think the administrator, cum test, annexo, standing in the same relation, cannot maintain an action against him as principal, or against the defendant as surety, for the same debt.
If a bequest of the debt to the debtor operates by way of extinguishment and release, we think a bequest of a residue to a debtor, which residue embraces the same debt, in like manner operates by way of extinguishment and release of the debt. In the event which has happened, the debt of Samuel D. Watson to his father would go to increase and make up the residuum bequeathed to him by the will, and is therefore released and extinguished by the will; the debt of Samuel D. Watson to his father being thus released, the collateral and contingent liability of the defendant to contribute is, by necessary consequence, released also, and therefore the plaintiff is not entitled to recover.

Plaintiff nonsuit

 See Stone v. Hobart, 8 Pick. 464,

 See Kinney v. Ensign 18 Pick. 232.