Pomeroy *v.* Slade et al.

---

WILLIAM POMEROY *v.* JAMES M. SLADE, JAMES LYON, JOSEPH DORRANCE, ALANSON DUSTIN, ALEXANDER RUTHERFORD AND HEMAN LANGWORTHY.

A., holding two promissory notes against B., both of which were due, promised B. that, if he would pay the amount due upon one of the notes, he would extend the time of payment of the other note one year; and B. thereupon borrowed the money and paid the note mentioned in the offer. *Held*, that the promise made by A. was without consideration, and that it was no bar to an action on the other note, commenced within the year.

A note in the following terms, " We, in behalf of the first Methodist Episcopal Society in Middlebury, promise," &c., and signed by the defendants in the usual form, and without any additions, is, at least *prima facie*, their individual note.

Assumpsit on a promissory note bearing date June 10, 1839, and payable two years after date to William Carr, or order, and by him indorsed to the plaintiff Nov. 25, 1841. The action was commenced Dec. 1, 1841.

The execution of the note and indorsement having been conceded, the defendants offered testimony tending to show that, a few days after the note in suit became due, the said Carr proposed to the defendants, that, if they would pay another note which he then held against them, amounting to about two hundred and fifty dollars, and which was then due, he would give time of payment on the note now in suit for one year from that time; and that the defendants did thereupon, at considerable expense, borrow said sum of two hundred and fifty dollars, and pay it to said Carr, who received it in payment of the other note, and then promised to extend the time of payment of the note now in suit one year. To the admission of this testimony the plaintiff objected, and it was excluded by the court.

The defendants then objected that the plaintiff could not recover, because it appeared from the note itself that the Methodist Episcopal society in Middlebury were the debtors in said note, and not the defendants. This objection was overruled by the court, and judgment rendered for the plaintiff. Exceptions by defendants.

*E. D. Barber* for defendants.

It appears from the case that Carr, the payee of the note, continued to hold the note until after it became due. It therefore came into the hands of the indorsee subject to all the defendants' equities. There was a consideration for the agreement made with Carr, on which the defendant relies as a defence, in the trouble and expense to which the defendants were put in borrowing the money that was applied on the other note. In the case of *Keating* v. *Price,* 1 Johns. Cas. 22, it was held that evidence of a parol agreement to enlarge the time of performance of a written contract, previously made, was admissible. See, also, *Fleming* v. *Filbert,* 3 Johns. 528. *Ratcliff* v. *Pemberton,* 1 Esp. R. 35. *Raymond* v. *Smith,* 5 Conn. 555. Chit. on Cont. 90, in notes.

*E. N. Briggs* for plaintiff.

The contract set up by the defendants was without legal consideration and void, and therefore could not constitute a defence to the suit. The payment of a sum which was then due from the defendants, and which they were legally and morally liable to pay, could not constitute a consideration which would support another contract; it was clearly a *nudum pactum. Pabodie* v. *King*, 12 Johns. 426. *Wheeler* v. *Wheeler*, 11 Vt. 66. *Wright* v. *Allen*, 4 Vt. 572. *Seeley et al.* v. *Spencer*, 3 Vt. 338.

The opinion of the court was delivered by

BENNETT, J. The agreement to give further time upon the note now in suit, upon the consideration that the defendant would pay a given sum upon another note, then also due, is *nudum pactum.* It was doing no more, and indeed I may say less, than what the defendant was then under obligation to do. It is quite clear that a naked agreement, without consideration, cannot have the effect to postpone the right to-sue on a cause of action, then complete.

The objection, insisted upon in the county court, that the note in question was not the individual note of the defendant,—has been properly abandoned as unsound. I do not find that the note is made a part of the bill of exceptions, and consequently there is no such question properly before the court. The plaintiff's counsel, however, in their brief, have furnished a copy. The note is, " We, in behalf of the first Methodist Episcopal Society in Middlebury, promise, &c.," and is signed by the defendants in the usual form, without any additions. As no evidence was put into the case, showing that there was such a society, whose existence was recognized by the laws,— that the defendants were the agents and had power to bind such society,—or that the note was given for the debt of the society,—it is very clear that this note, at least *prima facie,* if not conclusively, must be taken as the note of the defendants, upon which they have personally bound themselves.

The judgment of the county court is affirmed.