## Cox & Shelley v. Carrell & Co.

Where there is an agreement between the parties to a written contract, for a consideration, to extend the time of payment to a given period, an action upon the written contract cannot be sustained, if brought before the expiration of the time for which the payment was extended.

The period for the performance of a written contract, may be varied by a subsequent parol agreement.

Where in an action on a promissory note, commenced on the 27th of March, 1857, the defendants answered, alleging, that in consideration of the payment of the sum of $1,136,41 on said note, without discount or allowance therefor, two months before the note became due, and when the note was not drawing interest, the plaintiffs agreed with the defendants, that the time of payment on the balance due on the note, should be extended to the first day of August, 1857, and the same should not be due until then, and that the action was commenced before the note became due under the agreement—to which answer there was a demurrer, which was sustained by the court; *Held*, 1. That the court erred in sustaining the demurrer; 2. That the matter pleaded was good as a plea in abatement; 3. That the agreement set up in the answer, to be valid, need not be in writing.

*Appeal from the Boone District Court.*

Tuesday, June 22.

The defendants were sued on a promissory note for $1,859,27, upon which were indorsements to the amount of $1,183,13. The note fell due February 25th, 1857—six months from date—the principal indorsement, being of $1,136,41, was made December 26, 1856. The defendants answered, pleading that in consideration of the payment of the said sum of $1,136,41, without discount or allowance therefor, two months before the same was due, and when the note was not drawing interest, the plaintiffs agreed with the defendants, that the time on the balance should be extended to the first day of August, 1857, and that the same should not be due until then; and that the action was commenced on the 27th of March, 1857, before the note became due under the above agreement. To this

answer, the plaintiff demurred, and assigned three causes: *First:* that the answer does not show a substantial cause of defense. *Second,* That it does not show that the agreement was in writing. *Third,* That no written agreement is filed with the answer. A motion was made by the defendant for a continuance, accompanied by an affidavit stating, in substance, that he could prove, and desired to prove, the above defence as to the extension of time.

The only record entry contained in the transcript is, that on the fourth day of the April term, 1857, the cause came on to be heard; and that the court having heard the allegations and proofs, and being fully advised, ordered and adjudged that the plaintiff recover the sum of six hundred and eighty-four dollars and forty one cents, with ten per cent. interest until paid, and the costs of suit. A bill of exceptions certifies that the court sustained the demurrer, and held the answer to be insufficient; and thereupon entered a default against the defendants, to which ruling and opinion they excepted.

*John A. Hull,* for the appellants.

*Rankin, Miller & Enster,* for the appellees.

WOODWARD, J.—This cause is but one more added to the long list before this court, showing that there is not sufficient attention bestowed upon the entries of the proceedings of our courts. Our rights of property depend upon them, and they should be more full and complete. In this case, there is no entry of the disposition of the demurrer, nor any showing that the defendant had an opportunity to amend or to plead over.

But we proceed to the judgment. The entry of the judgment should have been more explicit. It does not appear upon what ground the court proceeded. It is manifest that they sustained the demurrer upon some ground; but it is sometimes material to know upon what one, for different consequences may follow from different grounds.

If the court sustained the demurrer upon the first cause—that is, that the answer did not show a substantial ground of defence—there was error; for, looking only at the matter pleaded, it was clearly good as a plea in abatement—since, if the plaintiffs made the agreement alleged, they could not bring their action until after the time of extension.

The second cause of demurrer was, that the answer did not allege the agreement to be in writing. If it was sustained upon this, the ruling assumes two things: *First*, That the agreement must be in writing, in order to be valid; and, *Second*, That the pleading must aver it to be in writing. The first of these propositions would be an error. A written contract may be affected in several ways, by parol agreement; for instance, it may be wholly set aside, or abrogated—the particulars, or details of its performance, may be varied, as is often the case in building contracts—and the place of performance may be changed, and so the time may be. Parol evidence is competent to prove the enlargement of the time of performance, says Mr. Greenleaf, in 1 Greenl. Ev., 400, section 304. The rule seems to be that parol evidence is admissible, if it is not proposed to show that a different contract was made, originally, from that expressed in the writing, but only to show that some subsequent arrangement was entered into, in reference to the time, place, or details of performance. And it is yet a different question whether the contract need be alleged to be in writing, when the law requires it to be written, or whether the party may simply plead it, and let the objection to a want of writing come up on the evidence offered. In the present state of the case, a decision upon this is not required.

The third cause of demurrer was, that the written agreement, or a copy, was not annexed to the petition. This objection disappears under the decision of the preceding ground, holding that the contract is not required to be in writing.

The court erred, therefore, in sustaining the demurrer, and the judgment is reversed.