SYLVESTER J. MERRILL AND OTHERS *v.* ALLEN PEASE AND OTHERS; AND CROSS-CAUSE, ALLEN PEASE *v.* SYLVESTER J. MERRILL AND OTHERS.*

[IN CHANCERY.]

*Contract. Consideration. Statute of Frauds.*

B. mortgaged certain land to F., conditioned for payment of his certain promissory notes, and F. assigned the mortgage and notes to S. B. afterwards conveyed a portion of the land to P. with full covenants. P., being ignorant of the mortgage, and relying on his covenants, built a house thereon. He afterwards learned of the mortgage, and requested B. to arrange with S. for a release as to that portion of the land. B. accordingly made an agreement with S., whereby S. was to execute a deed of release to P. in consideration of the payment of $55 on one of the mortgage notes. B. thereupon paid the $55, but S., being sick, was unable to execute the deed, and finally died, leaving it unexecuted. On petition by the heirs of S. to foreclose, and cross-petition by P. alleging said agreement and payment by him of the $55, it was *held* that, as P. did not pay the $55, and as B., in paying it, did no more than he was already bound to do, the agreement was without consideration.

*Held*, also, that the agreement was for the sale of land, and within the Statute of Frauds.

THIS was a petition by Sylvester Merrill for the foreclosure of a mortgage from the defendant Byron to Justus W. French, and assigned to the petitioner. The petition alleged that defendants Allen L. Pease, Leonard Macia, Jere Richards, and George B. Macomber, claimed an interest in said premises, and prayed for foreclosure against all of them. The defendant Pease answered, and filed a cross-petition, the allegations of which are stated in the opinion of the court. An amended petition was thereupon filed, alleging that French assigned the notes and mortgage to Truman H. Savage, who afterwards died, and that an administrator was appointed, who indorsed the notes and delivered them and the mortgage to the petitioner Sylvester, for collection in behalf of his wife, Lucy M. Merrill, and Jasper and John H. Savage, the heirs of said Truman. Said Lucy, Jasper, and John were in that petition made co-petitioners with said Sylvester. The cross-petition

*Decided at the February Term, 1878.

was answered, and all the material allegations thereof denied. The answer was traversed, and testimony taken.

The cause was heard at the December Term, 1877, on petition, amended petition, cross-petition, answers, and testimony, and the court, BARRETT, Chancellor, decreed that the petitioners should execute and deliver to said Pease a release of that part of the mortgaged premises in the cross-petition mentioned, and that as to him the petition should be dismissed with costs to the filing of the cross-petition ; and that the other defendants, as to whom the petition was taken as confessed, should pay the sum due on said notes, with costs, or be foreclosed. From so much of the decree as related to the rights of said Pease, the petitioners appealed.

*S. M. Pingree*, for the petitioners.

*S. E. Pingree*, for the petitionees.

The opinion of the court was delivered by

DUNTON, J. This is a petition to foreclose a mortgage, and no question is made as to the validity of the same ; but the defendant Pease, who is the orator in the cross-cause, alleges in his cross-bill, that Byron, the mortgagor, conveyed a portion of the mortgaged premises to him by warranty deed, containing the usual covenants of warranty and against incumbrances ; that he, Pease, relying upon the aforesaid covenants in said deed, and being ignorant of the fact that the premises thereby conveyed to him had been mortgaged by Byron, proceeded to build a house thereon, and expended in building the same four hundred and eighty dollars ; that he did not learn of such mortgage until after said house was completed and said expenditures were made ; that, immediately upon learning of the existence of said mortgage, he applied to Byron to see Savage, who then held the same, and arrange with him to quit-claim to him, Pease, that portion of the mortgaged premises conveyed to him, Pease, by Byron, the same being but a small portion thereof; that he is informed and believes that Byron saw Savage and made an agreement with him in consideration of the payment of fifty-five dollars upon one of the notes secured by said mortgage, for such quit-claim, and that he, Pease,

in accordance with said agreement, advanced a portion, and caused to be paid the whole, of said sum of fifty-five dollars, to said Savage ; but that Savage was sick and unable to execute the quit-claim deed at that time, and died without executing the same ; and also that said Merrill holds said mortgage and notes in the right of his wife, who inherited the same as heir of Savage, and prays, among other things, that said Merrill be compelled by decree, to execute a release of that portion of the mortgaged premises conveyed to him, Pease, by Byron, from said mortgage.

After the filing of the cross-bill, the petition was amended by the other heirs of Savage coming in and joining as petitioners. The answer to the cross-bill denies all the material allegations therein as to said agreement with Savage, and the same was traversed.

Pease has failed to show that he furnished any portion of the fifty-five dollars in money paid by Byron to Savage upon one of said notes. Upon the other hand the evidence shows that this money was all furnished and paid by Byron. In making this payment upon one of the notes of which he was the maker, Byron did nothing more than what he was under legal obligation to do. Such payment would constitute no legal consideration for the alleged agreement ; and assuming that such agreement is proved, it is a *nudum pactum*. *Pomeroy* v. *Slade*, 16 Vt. 220 ; *Wheeler* v. *Washburn*, 24 Vt. 293, 296 ; *Cole* v. *Shurtleff*, 41 Vt. 311.

The alleged agreement would also be invalid upon another ground. Being a contract for the sale of an interest in land, it is one that is required by the Statute of Frauds to be in writing. *Parker* v. *Barker*, 2 Met. 423. It is not claimed that any written memorandum of the same was made.

Entertaining the views of the case above expressed, and there being no motion to suppress, it is unnecessary for us to consider the question as to the competency of Byron as a witness.

The decree of the Court of Chancery is reversed and cause remanded, with mandate to enter a decree in favor of the defendant in the cross-cause, dismissing the cross-bill with costs, and in favor of the petitioners in the original cause according to the prayer of their petition.