CAROLINE M. BEDFORD'S EXR. *v.* ELIZA CHANDLER.

October Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 25, 1908.

*Bills and Notes—Payment Restricted to Payee's Life—Effect—
    Contracts—Forbearance—Requisite Consideration—Gifts—
    Inter Vivos—Validity.*

Where by the terms of a promissory note the maker for value received promises to pay to the payee, "and to no other person, executor, trustee, or assignee," a specified sum of money with interest annually, the quoted restriction renders the promise unenforceable at the payee's death, and the transaction is not void as an attempt to dispose of property after death without the required formalities, nor as an incomplete gift *inter vivos,* for the gift by the payee consists of so much of the amount represented by the note as the payee should not collect in her lifetime, the title to the gift passing to the maker, subject to a right of defeasance terminable at the payee's death.

A promise that involves nothing but what the promisor is already holden for to the promisee affords no consideration for another promise, but where a debtor does or promises more than his contract calls for, as where he pays part of the debt before it is due, or promises to pay an increased lawful rate of interest, or gives or promises to give security, there is consideration for the creditor's promise to forbear suit.

The payee named in a promissory note binding the maker to pay to the payee, "and to no other person, executor, trustee, or assignee," a specified sum of money with interest annually, through her agent demanded payment from the maker and threatened to sue on the note, but offered to take a new note in regular form. The maker refused to give a new note, and asked for time in which to pay. The payee then allowed the matter to rest, and after about a month the maker paid a part of the note and promised to pay the remainder soon. No further payments were made, and the payee died about three weeks later. *Held*, that the payee's promise to forbear was without consideration, and raised no new promise for the benefit of either her or her estate, and so the payee's executor could not recover the balance due.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at June Term, 1906, Lamoille County, *Powers, J.*, presiding. Verdict ordered for defendant, and judgment thereon. The plaintiff excepted. The opinion states the case.

*B. E. Bullard* for the plaintiff.

Forbearance to sue was a sufficient consideration for deceased's promise to pay the note. *Templeton* v. *Bascom*, 33 Vt. 71; *Hakes* v. *Hotchkiss*, 23 Vt. 231; *Hill* v. *Smith*, 34 Vt. 535; *Ballard* v. *Burton*, 64 Vt. 387; 7 Cent. Dig., c. 317, §205, c. 595, §340; 11 Cent. Dig., c. 275, et seq.; 1 Bouvier's Law. Dict. 377.

*Taylor & Dutton* for the defendant.

MUNSON, J. In 1898 the defendant gave plaintiff's decedent a writing which reads as follows: "For value received I * * promise to pay Mrs. Carrie M. Bedford, and to no other person, executor, trustee or assignee, the sum of three hundred dollars, with interest annually." Interest was paid thereon from time to time until July, 1904.

We think the restriction embodied in the writing cannot be regarded as a mere limitation upon the payee's right of transfer. It was evidently intended that the promise should be available

to the payee in her lifetime, and become unenforceable at her death. But the plaintiff contends that the restriction is void, as an attempt to dispose of property after death without the required formalities; and contends further that if the transaction be viewed as a gift *inter vivos*, it lacks the requisites of present giving and complete delivery. It is enough to say as regards these claims that all the gift that the decedent intended was irrevocably made and completely delivered when the consideration of the note was made over in exchange for a promise of payment thus limited. The gift consisted of so much of the amount represented by the note as the payee should not collect in her lifetime. The title to the gift passed to the defendant, subject to a right of defeasance in the donor, and the right of defeasance terminated at the donor's death. The reservation of this right did not make the gift invalid, and the limitation of the right was such that nothing was left in the donor to pass at her death. *Blanchard* v. *Sheldon*, 43 Vt. 512; *Hackett* v. *Moxley*, 65 Vt. 71, 25 Atl. 898; *Green* v. *Tulane*, 52 N. J. Eq. 169, 28 Atl. 9.

It remains to inquire whether the obligation of the defendant has been enlarged by anything done in Mrs. Bedford's lifetime. It appears from the testimony of the plaintiff that early in December, 1904, in the lifetime of Mrs. Bedford and pursuant to her instructions, he applied to defendant for payment of the note and threatened to bring suit on it, saying that Mrs. Bedford had directed him to collect it, but offered to take a new note in place of the old one, explaining that Mrs. Bedford did not understand this writing and wanted a straight note. Defendant did not want to give a new note, nor pay the note at that time, but she did not want to be sued, and asked plaintiff to let the matter rest until January first, promising to pay the note at that time. Plaintiff said this would be satisfactory to him if it was to Mrs. Bedford, and said he would see her and let defendant know if there was anything different. Mrs. Bedford was content to let the matter rest until January first, and plaintiff said nothing further to defendant. Defendant paid plaintiff one hundred dollars on the note January third, and said she would pay the balance soon. This was brought to Mrs. Bedford's attention, and she consented to the further delay.

Mrs. Bedford died about three weeks later, and plaintiff was appointed her executor, and sues in that capacity.

The facts shown amount to a promise on the part of Mrs. Bedford to forbear suit for a reasonable time. She did in fact forbear suit for a time which the Court may treat as reasonable for the purposes of this discussion. But she could have brought suit at any time notwithstanding her promise, if the promise was without consideration. The consideration claimed here is the promise of the debtor to pay soon. A promise which involves nothing but what the promissor is already legally holden for affords no consideration. *Mason* v. *Peters,* 4 Vt. 101; *Russell* v. *Buck,* 11 Vt. 166; *Pomeroy* v. *Slade,* 16 Vt. 220; *Merrill* v. *Pease,* 51 Vt. 556; *Anonymous,* Cowp. 128; *Deacon* v. *Gridley,* 15 C. B. 295; *Williams* v. *Stern,* 5 Q. B. D. 409; *Ives* v. *Bosley,* 35 Md. 262, 6 Am. Rep. 411; *Stuber* v. *Shack,* 83 Ill. 191; *Holmes* v. *Boyce,* 90 Ind. 333; *Davis* v. *Stout,* 126 Ind. 12, 22 Am. St. Rep. 565; *Trumbull* v. *Brock,* 31 O. St. 649; *Hunt* v. *Knox,* 34 Miss. 655; *Parmelee* v. *Thompson,* 45 N. Y. 58, 6 Am. Rep. 33. It is on this ground that sureties are held not to be released by an agreement to forbear in consideration of the debtor's promise to pay. *Joslyn* v. *Smith,* 13 Vt. 353; *Wheeler* v. *Washburn,* 24 Vt. 293; *Hoffman* v. *Coombs,* 9 Gill. 284; *Sully* v. *Childress,* 106 Tenn. 109, 60 S. W. 499, 82 Am. St. 875. But when the debtor does or promises more than his contract calls for, there is a consideration for the promise to forbear; 7 Cyc. 900; as where he pays part of the debt before it is due, or promises to pay an increased lawful rate of interest, or gives or promises to give security. *Cox* v. *Carrell,* 6 Iowa 350; *Prouty* v. *Wilson,* 123 Mass. 297; *Martin* v. *Bell,* 18 N. J. L. 167; *Alliance Bank* v. *Broom,* 2 Drew. & S. 289.

The case of *Russell* v. *Buck,* 11 Vt. 166, is specially in point. There the plaintiff was the holder of a promissory note indorsed by a firm in which the defendant was a partner, and the defendant gave him a writing by which he guaranteed the payment of the note if not called upon for it before a certain date. There was no agreement on the part of the plaintiff to delay collection of the maker. The plaintiff, having permitted the statute to run on any claim he had against the defendant as indorser, brought suit on this writing as an independent ground

of action.  The Court held that the writing had no consideration, and created no new liability; that if the defendant was then liable as indorser, it was merely the case of one who promises that if waited on he will pay what he is already holden to pay; that if he was not then liable as indorser, the writing was simply a recognition of that liability, with a promise to pay if he himself was waited on.

There is nothing in *Hill* v. *Smith*, 34 Vt. 535, inconsistent with our other cases.  That was an agreement to enlarge the time allowed for the delivery of goods, and was entered into before the original time of performance had expired, and without there having been any failure in the performance; and the defendant had omitted to complete the delivery within the time allowed by the original contract, in reliance on the supplemental agreement.

We think there was no consideration to give force to Mrs. Bedford's promise or forbearance.  She forbore to her detriment, or rather to the detriment of her estate, but it was no more than the forbearance of any creditor who risks a delay in the bringing of a suit.  She suffered no detriment from her promise to forbear, for the promise bound her to nothing.  There was no change whatever in the situation; the debtor remained under the same liability, and the creditor retained the same right.  The creditor's failure to exercise her right subjected her to a different risk from that ordinarily incurred, because of the peculiar nature of the obligation.  But we see no ground upon which her forbearance at the debtor's request can be held to have raised a new promise for the benefit of her estate.  To do so would be to create a further obligation which the debtor declined to give when threatened with a suit.  The debtor would do nothing but promise payment of the existing obligation, and the creditor let the matter rest upon that.  It was the ordinary case of deferring suit upon a promise of speedy payment. Mrs. Bedford took the chance of loss by delay in the hope of an early settlement without suit.

*Judgment affirmed.*