58 N.W.2d 378 (1953)
In re SMITH'S ESTATE.
FISCHER
v.
FISCHER.
No. 48279.
Supreme Court of Iowa.
May 5, 1953.
Charles E. Swanson, of Council Bluffs, for appellant.
Peterson, Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee
WENNERSTRUM, Justice.
Julius W. Fischer, executor of the estate of Mary A. Smith, deceased, filed an application in the probate proceedings of the estate asking for instructions whether two notes bearing notations should be listed as part of its assets. Decedent, the payee of the notes, died before their maturity. The maker of the notes filed a resistance to the application and later an amendment thereto alleging that a contract for cancellation of the notes existed by reason of the notations placed on them and represented the terms and conditions on which they were executed. It was also asserted the memoranda on the notes were intended by the parties to be construed as a part of the contract and were founded upon valid and subsisting considerations. The maker asked that the *379 notes be delivered to him in conformity with the conditions set forth on them. The trial court found that the statements on the notes did not constitute a binding contract upon the decedent or her estate, that the endorsements were not sufficient to change the legal effect of said notes and did not result in a cancellation of them on the death of Mary A. Smith. The court held that the notes were valid and binding obligations of the maker and should be included as assets of the estate. It directed the executor to seek the enforcement of their payment. The maker has appealed.
Among the papers found by the executor in decedent's safety deposit box were two notes executed by the appellant, Harold L. Fischer, which were payable to Mary A. Smith. One of the notes in the amount of $3,000 was dated December 30, 1949 and was due 180 days after date. The other note in the amount of $10,000 was dated January 12, 1950 and was payable on or before July 12, 1950, or on demand. At the extreme left of each of the notes there was typed the following notation: "This note is executed under conditions as outlined on the other side of the note." On the reverse side of each of the notes and to the extreme left there was typed the following: "If payee departs this life before this note is paid same is hereby fully cancelled and executor instructed to deliver same to payor." Underneath each of these last endorsements is a line but there is no signature on it on either of the notes.
Mary A. Smith, the payee on the notes, died April 17, 1950. It was stipulated that neither of the notes had been paid prior to her death. There is uncontradicted evidence that the notations and endorsements to which reference has been made were on the notes at the time they were executed.
It is the appellant's contention that a marginal notation on a note or a notation on the back of a note made at the time of the execution of it with the intention of making it a part of the contract constitutes a part of it and must be construed with the body of the instrument; that in construing a written instrument it is a cardinal rule of construction to give effect to the intention of the parties as expressed by the language of the entire instrument at the time of its execution; that a condition subsequent, incorporated in a written instrument at the time of its execution, is effective to cancel an obligation on the happening of a contingency as provided in the instrument.
I. It was pleaded by the appellant it was the intention of both the payee and payor that the notations typed on the contract be construed as a part of the contract and that they were founded upon a valid consideration. The executor, the applicant, asserts the contract for cancellation failed for want of consideration. We later hold the notations were a part of the instrument. The statutory presumption of consideration would apply to all portions of the instrument and there is no requirement of separate consideration for its different parts. See 5 U.L.A., Sec. 24; Section 541.24, 1950 Code, I.C.A.
II. It is a general rule that marginal notations placed on a note at the time of the execution thereof with the intention of making them a part of the contract must be construed with the body of the instrument to arrive at the true agreement existing between the parties. 7 Am.Jur., Bills and Notes, Sec. 53, p. 816; 10 C.J.S., Bills and Notes, § 44(a)(b), pp. 480-484; Annotations 13 A.L.R. 252; Annotations 155 A. L.R. 218, 219; see also State v. Stratton, 27 Iowa 420, 423; Nylander v. Nylander, 221 Iowa 1358, 1360, 268 N.W. 7; Heaton v. Ainley, 108 Iowa 112, 113, 78 N.W. 798. In the absence of anything to the contrary, the presumption is that memorandum endorsements are made at the time when the instrument is executed and as a part thereof. 7 Am.Jur., Bills and Notes, Sec. 53, p. 817; 10 C.J.S., Bills and Notes, § 44(a), p. 481. Parol evidence is admissible as a rule to show that a memorandum outside the body of an instrument was there when the instrument was executed. 7 Am.Jur., Bills and Notes, Sec. 53, p. 818; Brock v. Lueth, 141 Neb. 545, 4 N.W.2d 285, 289. In the instant case there was undenied evidence the notations in question were on the instruments at the time of their execution.
*380 In Elmore v. Higgins, 20 Iowa 250, 254, this court held:
"That the cotemporary indorsement on the back of the note became part of it, binding upon the parties and qualifying and restricting their contract (2 Pars. on N. & B., 539 et seq., and cases), and that in construing the contract, the note and indorsement and mortgage are to be taken by the corners, and effect given to every expression, if this can fairly be done (Id., 542; Chitty on Cont., 70), are propositions elementary in their character and not controverted by counsel." See also Daugherty v. Preuitt, 113 Okl. 66, 242 P. 529, 531.
III. It is one of the contentions of the executor that the appellant failed to prove a contract for the cancellation of the notes inasmuch as there was no meeting of the minds and no mutual assent was shown. It is our conclusion that this claim is not sound. Our comments and holdings in division two definitely show that there was a valid contract.
It is provided in our statute that, "* * * A negotiable instrument is discharged * *. (4) By any other act which will discharge a simple contract for the payment of money * * *." Uniform Neg. Inst. Act, 5 U.L. A., Sec. 119(4); Sec. 541.120(4), 1950 Code, I.C.A.
It is apparent to us that the notations on the note in question come under this last-quoted provision of the act and it cannot be held there was no meeting of the minds and no mutual assent between the parties.
IV. The appellee maintains that even if the contract evidenced by the notations is valid, it is testamentary in character and is void because it fails to meet the formal requirements of a will. This contention is not supported by applicable authorities. In Novak v. Lovin, 33 N.D. 424, 157 N.W. 297, 299, an administrator sought to recover on two promissory notes. There was a contemporaneous agreement executed which was in part:
"* * * and further that said note or notes to be hereafter given for said moneys shall be nontransferable and shall be payable to no one but myself, and that in case I should die while said notes are in force they shall at once become null and void and not collectible."
It was also therein stated:
"* * * She did not intend, in other words, that the defendant's obligations on the notes should survive after her death. On the contrary, she intended that the notes should have no post mortem effect or validity.
"The question for decision, therefore, is whether such intent can be given effect. We think this question should be answered in the affirmative. We fail to see * * * how Exhibit A can be construed as testamentary in its nature. The authorities which seem to be in any way in point support our view. Bedford v. Chandler, 81 Vt. 270, 69 A. 874, 17 L.R.A.,N.S., 1239, 130 Am.St.Rep. 1057; Blanchard v. Sheldon, 43 Vt. 512; Hackett v. Moxley, 65 Vt. 71, 25 A. 898; Green v. Tulane, 52 N.J.Eq. 169, 28 A. 9; Sebrell v. Couch, 55 Ind. 122; Hegeman v. Moon et al., 131 N.Y. 462, 30 N.E. 487; Carnwright v. Gray, 127 N.Y. 92, 27 N.E. 835, 12 L. R.A. 845, 24 Am.St.Rep. 424."
In the case of Twyman v. Wood, et al., 61 Ohio App. 229, 22 N.E.2d 495, 496, 497, the court had under consideration a contract relative to a note sued on. This writing was in part, "* * * and in case of my death at any time the debt is paid in full and they are not to pay any more * * *."
It was also therein stated:
"We have been unable to find any Ohio authority directly decisive of the question here presented but there are a number of authorities by the courts of other states. In Compton, Adm'r, v. Westerman, Exrx., 150 Wash. 391, 273 P. 524, it was held that an agreement evidencing a loan of money by a mother to her son which provided that the obligation to repay the loan should terminate on the death of the mother if the loan had not been totally *381 paid at that time was not testamentary in its nature but merely conditioned the payment thereof.
"To the same effect in principle are Fiscus v. Wilson, 74 Neb. 444, 104 N. W. 856; Bundrant, Ex'r, v. Boyce, 47 Ind.App. 253, 91 N.E. 968, 92 N.E. 126, and Bedford's Ex'r v. Chandler, 81 Vt. 270, 69 A. 874, 17 L.R.A.,N.S., 1239, 130 Am.St.Rep. 1057." It was therein held that this agreement was not testamentary in nature.
In Brock v. Lueth, 141 Neb. 545, 4 N.W. 2d 285, 286, 290, the Nebraska court considered a note on which was endorsed:
"The within note to be delivered to the maker Henry C. Lueth upon my death, and to be canceled by the Executor of my estate before his making delivery of same. No payment of any interest or principal to be made by maker after my death in any event.
 "(Signed) A. W. Lueth
 "F. A. Mieras, witness."
In the cited case the court stated: "In the opinion of this court, the indorsement on the back of the note, signed by the father before he asked his son to sign it, and the note, and the delivery of the deed by the father to his son, the defendant were all a part of one and the same transaction, and must rightly be construed together as a single contract between the parties. Such contract provided clearly that the son should pay the reserved annuity of $120 so long as the father lived. Having reached this conclusion, we reject the contention of plaintiff that the indorsement on the back of the note was a will or a testamentary disposition of any kind."
Under the cited authorities it is our holding that the conditions incorporated in the note were not testamentary in nature. The authorities cited by the appellee are not in point and applicable to the facts in this case.
V. The facts herein present are not in dispute. We are not required to try this case de novo but under the pleadings and facts our problem is to decide solely the legal questions involved. The payee by accepting the note with the conditions on it accepted the provisions thereon and her estate is bound by them.
By reason of our conclusions heretofore announced the order of the trial court is reversed with directions that one be entered in the probate proceeding in conformity with this opinion.
Reversed with directions.
All Justices concur.