WALDEN, Judge.
This is an appeal of an order satisfying a debt. The decision of the probate court is affirmed.
This case involves the question of whether the obligation represented by a certain promissory note executed by decedent’s debtor is an asset of the estate. Specifically at issue is the validity of a clause in the promissory note cancelling the debt if payee failed to demand payment prior to his death.
Decedent’s widow, Lois F. Whitley, filed a statement of claim regarding a $100,000 promissory note executed by Fridhilda Amman on August 18, 1983, and payable to decedent. The note, which was signed by Amman, but not by decedent, contained the following clause:
If demand for payment has not been made by the payee at the time of his death, the payee hereby waives his right to collect the unpaid principal amount of this note and the parties agree that this note shall be null and void.
Prior to his death, decedent gave his attorney an envelope containing the original promissory note. Decedent wrote a note on the envelope which read:
Please destroy upon my demise if not claimed by me personally prior thereto.
Contrary to the instructions on the envelope, upon decedent’s demise, decedent’s attorney turned the promissory note and envelope over to the personal representative for his determination whether it was an asset of the estate. Decedent’s widow claims it was a valid contract constituting an estate asset. She claims the discharge clause is unenforceable because the note was unsigned by payee and because there was no consideration for the discharge of the debt.
The probate court found it was clearly the intent of the testator to discharge Ms. Amman from the debt upon his death. The record shows that decedent intended to avoid this anticipated controversy by instructing his attorney to destroy the envelope and its contents upon his death.
The probate court correctly found the promissory note to be void and unenforceable by the estate. The cancellation clause is effective even though it was not signed by decedent. In Re: Smith’s Estate, 244 Iowa 866, 58 N.W.2d 378 (1953). The payee, by accepting the note and conditions on it, accepted the provisions thereon and his estate is bound by them. Id. The decedent’s intent to discharge the debt, as agreed by the parties to the contract, was properly proven by parol evidence. Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943). The weight of authority supports this conclusion. See 127 A.L.R. 634.
Affirmed.
DELL and STONE, JJ., concur.