DAVIDSON, L., Associate Judge.
 

 The issue in this appeal is whether a decedent is permitted, through his will, to forgive a debt owed to him when his estate is not solvent to pay the debts and the costs of administration of his estate. The probate court’s final order determined that the decedent’s one-half interest in a promissory note payable to him was cancelled upon his death and was not an asset of the estate because the decedent forgave the debt in his will. We reverse.
 

 The events surrounding the decedent’s death were tragic. The decedent, William C. Wallace, killed his incapacitated wife, Barbara J. Wallace, his stepdaughter, Sandra Leone, and then himself. Bernadette Lauritsen, the daughter of the decedent, was appointed personal representative of her father’s estate. Several of the decedent’s children challenged their father’s will, which resulted in protracted and expensive litigation. The personal representative retained an attorney to represent the estate in the litigation, and the probate court appointed an attorney to be the curator for the estate. The only asset of decedent’s estate was one-half the value of a promissory note and mortgage held on real property. Brian A. Wallace, the son of the decedent and his wife Barbara, executed this promissory note and mortgage prior to the execution of the decedent’s will. The trial court found the joint ownership of the note and mortgage was severed into
 
 *286
 
 equal shares as tenants in common when the deaths of the decedent and his wife were determined to be simultaneous. § 782.601(3), Fla. Stat. (2007). The decedent’s will, which was executed eleven days before his death, expressly forgave his one-half ownership of the note and related mortgage.
 
 [1]
 
 The other one-half of the note and mortgage owned by decedent’s wife’s estate was not forgiven in her will.
 

 Several claims were filed against the estate, including a credit card debt and wrongful death claims filed by the estates of the decedent’s wife and step-daughter. The estate also incurred the curator’s fees and costs, the personal representative’s fees and the personal representative’s attorney’s fees, which were substantial due to the litigation involved in probating the decedent’s will. The decedent’s one-half interest in the promissory note was the only non-exempt asset available to pay the estate’s administrative costs, debts, and expenses.
 

 The personal representative filed in the probate court a Motion to Determine Ownership of the Note and Status of Forgiveness under Decedent’s Will. The personal representative argued that the decedent’s one-half ownership of the note must be utilized to pay the estate’s debts, taxes, and expenses before the balance could be forgiven. The probate court ruled that the note was forgiven at the moment of the decedent’s death.
 

 There are no disputed issues of fact, and the wording of William C. Wallace’s will is clear and unambiguous. William C. Wallace intended to forgive his son, Brian Wallace’s debt if Brian had not satisfied the note upon William’s death. However, it is a question of law as to whether the decedent’s forgiveness of the promissory note in his will could legally take effect before payment of the obligations and expenses of the estate. The standard of review is
 
 de novo. Lumbert v. Estate of Carter,
 
 867 So.2d 1175, 1176 (Fla. 5th DCA 2004);
 
 Timmons v. Ingrahm,
 
 36 So.3d 861, 864 (Fla. 5th DCA 2010).
 

 The promissory note executed by Brian Wallace to his parents was unconditional. There was no provision in the note that Brian’s obligation was to be cancelled upon the death of his parents, the holders of the note. Consequently, the only legal mechanism that could be utilized to achieve the decedent’s intention to forgive the promissory note and mortgage was for the will to be admitted into probate. The forgiveness of the note therefore is unquestionably a testamentary devise.
 
 [2]
 
 Furthermore, Arti-
 
 *287
 
 ele III of the decedent’s will specifically designates that his forgiveness of the promissory note executed by his son, Brian A. Wallace, is a bequest.
 

 The decedent’s first direction in his will, Article I, instructs his personal representative to pay all of the decedent’s debts and expenses. The decedent’s devises
 
 [3]
 
 are made in Articles II, III, IV, and V, which follow his first direction. The note is the only asset of the estate and it can only be forgiven to the extent that it is not needed to pay the estate’s debts and expenses.
 

 Several sections of the probate code support the conclusion that a devise cannot be elevated over administrative expenses and the rights of creditors. Section 731.201(10), Florida Statutes (2007), provides that “[a] devise is subject to charges for debts, expenses, and taxes[.]” Section 738.805(1) provides that “[fjunds or property designated by the will shall be used to pay debts, family allowance, exempt property, elective share charges, expenses of administration, and devises to the extent the funds or property is sufficient.” If no provision is made or the designated fund or property is insufficient, the statute sets forth a priority scheme on how devises abate. § 733.805, Fla. Stat. (2007). Section 733.707(1) provides that “[t]he personal representative shall pay the expenses of the administration and obligations of the decedent’s estate in the following order....” The statute then identifies the eight classes of expenses and obligations and the order in which each is paid.
 
 [4]
 
 The ruling by the lower court elevates the gift of forgiveness of an obligation to a superi- or status over the rights of legitimate creditors of the decedent, contrary to the priorities established in the Probate Code.
 

 Appellee asserts that section 673.6041(l)(b), which governs negotiable instruments, permits the decedent to discharge his son’s obligation on the note. Section 673.6041(l)(b) provides that a person entitled to enforce an instrument may discharge the obligation by “agreeing not to sue or otherwise renouncing rights against the party by a signed writing.” Appellee argues that the decedent’s will was a signed writing that met the require
 
 *288
 
 ments of the statute. However, the signed writing in this case, the will, is not an isolated instrument. It is an instrument that is dependent upon the Probate Code for its authority. Because the note was forgiven by operation of a will, it is a testamentary devise that is subject to the dictates of the Probate Code.
 

 Appellee relies on the case of
 
 In re Estate of Whitley,
 
 508 So.2d 455 (Fla. 4th DCA 1987), to support his position that the decedent could forgive the promissory note through his will. In
 
 Whitley,
 
 508 So.2d at 456, the Fourth District Court of Appeal evaluated whether a promissory note executed by the decedent’s debtor was an asset of a decedent’s estate. The promissory note was executed by Fridhilda Amman and made payable to the decedent.
 
 Id.
 
 The note contained a clause which stated that if demand for payment had not been made by the payee at the time of his death, the payee waived his right to collect the unpaid principal amount of the note, and that the parties agreed the note would then be null and void.
 
 Id.
 
 The note was signed by the payee, but it was not signed by the decedent.
 
 Id.
 
 The Fourth District held the debt was cancelled upon the decedent’s death.
 
 Id.
 

 Whitley
 
 is distinguishable from the facts in the instant case in several aspects. In
 
 Whitley,
 
 the language of forgiveness was set forth in the note itself. The language documented the agreement of the parties at the time the note was executed. As the
 
 Whitley
 
 court noted, “The payee, by accepting the note and the conditions on it, accepted the provision thereon and his estate is bound by them.”
 
 Id.
 
 Finally, and most significantly, like this case, the act of forgiveness in
 
 Whitley
 
 is not dependent on the validation of a will by the act and order of a court admitting the will to probate. If William C. Wallace and his wife had placed a provision in the note which cancelled the debt upon their deaths, then the forgiveness would have been a valid cancellation of the note. This comports with
 
 Whitley
 
 and the requirements of section 673.6041(1)(b) that a debt may be cancelled by a signed writing subject to other prohibitions. §§ 726.105, 739.402, Fla. Stat. (2007);
 
 see also In Re Smith’s Estate,
 
 244 Iowa 866, 58 N.W.2d 378 (Iowa.1953).
 

 Appellee argues that Florida law permits various types of ownership which, upon a decedent’s demise, automatically transfers assets to the surviving owner or designated beneficiary outside of the reach of creditors of the decedent’s probate estate.
 
 See
 
 § 655.79, Fla. Stat. (2007) (permitting bank accounts to be maintained and held in joint tenancy or by the entire-ties, which are not deemed to be assets of a decedent’s estate); § 319.22(2)(a)l., Fla. Stat. (2007) (ownership of a motor vehicle or motor home passes outside probate to owner or co-owner upon the death of the other); § 655.82, Fla. Stat. (2007) (bank account may be designated to be paid on death and excluded as an asset of the decedent’s probate estate); § 711.509, Fla. Stat. (2007) (allows for securities to be transferred upon death by non-testamentary transfer). However, these are non-testamentary transfers of property. The transfer of property takes place wholly independent of a will. These assets never become part of a decedent’s estate, as the note executed by Brian Wallace did.
 

 There are no Florida cases that address the question of whether the release and forgiveness of an obligation in a will operates to defeat the payment of obligations and expenses of a decedent’s estate. However, other jurisdictions have considered the question, and have uniformly concluded that forgiveness of a debt in a will occurs only after creditors and expenses are paid. The Appellee has cited no cases,
 
 *289
 
 and the court has found none, to the contrary.
 

 In re Passoff's Estate,
 
 359 N.J.Super. 112, 819 A.2d 26 (2002), is the most recent out-of-state case addressing this issue. In
 
 Passoff,
 
 819 A.2d at 27, the decedent’s will expressly forgave a debt, the balance due under a mortgage note. However, as in the instant case, the estate was not solvent to pay its debts.
 
 Id.
 
 The maker of the note in
 
 Passojf
 
 advanced the same argument as the Appellee, that the debt vanished upon the probating of the decedent’s will.
 
 Id.
 
 The
 
 Passojf
 
 court held that an estate “must honor its own debts, as well as any statutory obligations, before a forgiveness of any debts may take effect. This approach springs, no doubt, from the ancient maxim that ‘a man must be just before he is generous.’ ”
 
 Id.
 
 at 118, 819 A.2d 26;
 
 see also Van Vechten v. Van Veghten,
 
 8 Paige Ch. 104, 119, 4 N.Y. Ch. Ann. 362 (N.Y.1840) (testator released his son and son-in-law from debts due from them to him; court held all debts due from debtors and which answered description contained in release clause “are discharged; except as against creditors of the estate who will have a right to resort to the same [discharged debts] in case of a deficiency of other property to pay the debts”);
 
 Dibble v. Richardson,
 
 171 N.Y. 131, 63 N.E. 829, 831 (1902) (testator forgave and released bond and mortgage in will and codicil; court concluded “the bond and mortgage ceased to be operative upon the probate of the will and codicil, except so far as it might become necessary to enforce them in order to meet any deficiency of assets for the payment of debts, etc.”);
 
 Hobart v. Stone,
 
 27 Mass. 215, 223 (Mass.1830) (“[T]he release of a debt in terms, by will, does not extinguish the debt, so but that it remains as assets for the payment of the testator’s debts.”).
 

 Therefore, we hold that a decedent can release a debt owed to the decedent through a testamentary devise only to the extent that the decedent’s estate is solvent to pay all debts and administrative costs of the estate.
 

 REVERSED and REMANDED for further proceedings consistent with this opinion.
 

 TORPY and COHEN, JJ., concur.
 

 [1]
 

 . The will provided, in relevant part, that:
 

 In the event that my wife, BARBARA J. WALLACE, shall survive me, I direct that the balance due to me as of the date of my death on the promissory note executed by my son, BRIAN A. WALLACE, and held on the real property located at 575 Silverton Street, Orlando, Florida, be discharged and that my interest in said note be cancelled by my personal representative and delivered to my son, BRIAN A. WALLACE, if he shall survive me; if he does not survive me, then to the personal representative of his estate. If the aforesaid indebtedness has been paid in full, discharged, or transferred by me, this bequest shall fail, and resort shall not be had to any general assets of my estate for its fulfillment.
 

 In the event that my wife, BARBARA J. WALLACE, shall predecease me, then I direct that one-half (1/2) of the total balance due on the promissory note referenced herein as of the date of my death be discharged as set forth above.
 

 [2]
 

 .
 
 Black's Law Dictionary
 
 (9th ed. 2009) defines “testamentary disposition” as "[a] disposition to take effect upon the death of the person making it, who retains substantially entire control of the property until death.” "Disposition” is defined as "[t]he act of transferring something to another's care or possession, esp. by deed or will, the relinquishing of
 
 *287
 
 property.”
 
 Black's Law Dictionary
 
 (9th ed. 2009).
 

 [3]
 

 . " 'Devise,' when used as a noun, means a testamentary disposition of real or personal property and, when used as a verb, means to dispose of real or personal property by will or trust. The term includes ‘gift,’ 'give,' ‘bequeath,’ ‘bequest,’ and ‘legacy.’ ” § 731.201(10), Fla. Stat. (2007).
 

 [4]
 

 . The personal representative shall pay the expenses of the administration and obligation of the decedent’s estate in the following order:
 

 (a) Class 1. — Costs, expenses of administration, and compensation of personal representatives and their attorneys fees and attorneys fees awarded under s. 733.106(3).
 

 (b) Class 2. — Reasonable funeral, interment, and grave marker expenses, whether paid by a guardian, the personal representative, or any other person, not to exceed the aggregate of $6,000.
 

 (c) Class 3. — Debts and taxes with preference under federal law, and claims pursuant to sections 409.9101 and 414.28.
 

 (d) Class 4. — Reasonable and necessary medical and hospital expenses of the last 60 days of the last illness of the decedent, including compensation of persons attending the decedent.
 

 (e) Class 5. — Family allowance.
 

 (f) Class 6 — Arrearage from court-ordered child support.
 

 (g) Class 7 — Debts acquired after death by the continuation of the decedent’s business, in accordance with section 733.612(22), but only to extent of the assets of that business.
 

 (h) Class 8 — All other claims, including those founded on judgments or decrees rendered against the decedent during the decedent's lifetime, and any excess over the sums allowed in paragraphs (b) and (d). § 733.707(1), Fla. Stat. (2007).