TWYMAN, APPELLEE, *v.* WOOD ET AL., APPELLANTS.

(Decided June 20, 1938.)

*Mr. W. H. Middleton* and *Mr. E. Dudley Harris,* for appellee.

*Mr. W. T. Reed,* for appellants.

BLOSSER, J. G. W. C. Twyman filed a petition in the Court of Common Pleas seeking a judgment on a note for $500, dated May 3, 1918, executed by Dallis Wood and Bernice Wood and payable to the order of Mary V. Twyman. The petition alleges that Mary V. Twyman, now deceased, assigned, transferred and delivered the note to plaintiff and that he is the sole owner and holder thereof. By a second cause of action the foreclosure of a mortgage dated May 3, 1918, given by Dallis Wood and Bernice Wood to Mary V. Twyman to secure the payment of fifteen notes, of which the note sued on is the fifteenth or last to become due, was sought. The answer of Dallis Wood states that whatever interest he had in the real estate covered by the mortgage had been transferred to Bernice Wood. The answer of Bernice Wood, who is the real defendant, admits the execution of the note and mortgage and denies the other allegations of the petition and specifically pleads that the obligation has been fully paid, satisfied and discharged. The reply of plaintiff to this answer is a general denial. Certain interrogatories were filed by plaintiff and the answers of Bernice Wood thereto set forth that the note and mortgage in question were satisfied by operation of an agreement between Mary V. Twyman and Bernice Wood, made through her agent C. L. Wood, that in case of the death of Mary V. Twyman the note and mortgage were to be deemed paid and satisfied. At the trial of the case plaintiff testified in support of the allegations of the petition. C. L. Wood was called by plaintiff for cross-examination and the purport of his testimony is that he relied upon the written agreement to operate as a discharge of the indebtedness. The probate judge was then called as a witness and testified that the estate of Mary V. Twyman had been fully administered and closed. The will of the decedent was offered in evidence, under which the residuary estate was devised to G. W. C. Twyman. After what is ap-

parently the conclusion of the examination of the probate judge and without the plaintiff having rested his case or the defendant having been given an opportunity to offer any evidence, the trial court overruled a motion for judgment on the pleadings made by the plaintiff, which motion is not shown by the record, withdrew the case from the consideration of the jury and rendered judgment in favor of the plaintiff on the ground that C. L. Wood had admitted that the defense in the case was the contract heretofore referred to, the court holding that such contract did not constitute a valid defense. C. L. Wood and Bernice Wood thereupon appealed to this court on questions of law.

The contract, which was admitted in evidence during the trial of the case and marked exhibit G, is as follows:

"Waverly, Ohio
"March 27, 1918.

"For the sum of one dollar cash recd. in hand I am giving this contract to C. L. Wood agt. for Dallis and Bernice Wood they are to have the 225 acres of land in Pebble township known as the Joe Huggins farm for the sum of 38 hundred dollars with some farm tools 3 horses they are to pay $200 down and the bal. at $250 per year plain notes without any interest and in case of my death at any time the debt is paid in full and they are not to pay any more and I further say that this property is my own and no one has any interest and it is clear of any debt or mortgages.

"Mary V. Twyman
"Waverly, Ohio."

The contract provides for the sale of the real estate and personal property to Dallis Wood and Bernice Wood for the sum of $3,800, $200 to be paid down and for the balance notes to be given without interest. The legal effect of the clause "in case of my death at any time the debt is paid in full and they are not to pay

any more'' is in dispute. It is asserted by the plaintiff that this provision of the contract amounts to an attempted testamentary disposition by Mary V. Twyman of the balance of $500 on the purchase price of the farm and is therefore invalid because it was not executed with the necessary formalities of a will. The defendants assert that as Mary V. Twyman died July 31, 1935, they are under no legal obligation to pay the note under the express terms of the agreement.

The record is silent as to many important features of the case. We assume that the deed was executed by Mary V. Twyman to Dallis Wood and Bernice Wood for the farm mentioned in the agreement of March 27, 1918, pursuant to its terms and that the real estate described in the mortgage sued upon is the same real estate sold to the defendants by Mary V. Twyman.

It was the duty of the trial court to construe the contract in question. The testimony of C. L. Wood that he relied wholly on the contract as the only defense would not be binding on Bernice Wood. Under the general denial in her answer she may have had some other evidence to offer in support of her defense and the action of the trial court was improper as against her.

The contract can not be given the construction asserted by plaintiff and adopted by the trial court. It can not be construed as a testamentary gift or disposition of the balance due at Mrs. Twyman's death. It contains all the elements of a valid contract given for a valuable consideration passing between the parties. Dallis Wood and Bernice Wood were to pay $3,800 for this property. At Mrs. Twyman's death they had apparently paid $3,300 and there remained unpaid the $500 note sued upon. Under the express terms of the contract no further sum need be paid. The $3,300 already paid was, therefore, the full consideration under the conditions then existing. The contract recites that it was given for the further con-

sideration "for the sum of one dollar cash recd. in hand I am giving this contract." The parties had a legal right to enter into this kind of a contract if they so desired. Mrs. Twyman had a right to accept $3,300 for the property instead of $3,800. She had a legal right to accept even less if she cared to do so. We know of no reason why Mrs. Twyman could not enter into a contract to forgive the payment at some future time of one or more of the notes. This was not an attempted testamentary disposition of property. It was not a gift but was one of the terms of the sale fixing the amount of the consideration. What element of a valid and binding contract is wanting? The facts in this case are not to be confused with the facts in some of the authorities cited by counsel for the plaintiff. In those cases there was an attempted gift while in this case there is no attempted gift at all but a mere agreement upon a proper consideration to forgive the payment of part of the purchase price of the property at some future time. As the plaintiff obtained the note after maturity he gained no superior right by its transfer to him. He is not in the position of an innocent holder for value for he had knowledge of all the facts and circumstances of the transaction.

We have been unable to find any Ohio authority directly decisive of the question here presented but there are a number of authorities by the courts of other states. In *Compton, Admr.,* v. *Westerman, Exrx.,* 150 Wash., 391, 273 P., 524, it was held that an agreement evidencing a loan of money by a mother to her son which provided that the obligation to repay the loan should terminate on the death of the mother if the loan had not been totally paid at that time was not testamentary in its nature but merely conditioned the payment thereof.

To the same effect in principle are *Fiscus* v. *Wilson,* 74 Neb., 444, 104 N. W., 856; *Bundrandt, Exr.,* v. *Boyce,*

47 Ind. App., 253, 91 N. E., 968; and *Bedford's Exr.* v. *Chandler,* 81 Vt., 270, 69 A., 874.

Counsel for the defendants asserts that the act of the parties in entering into the contract of March 27, 1918, and the making of the notes and mortgage on May 3, 1918, were all parts of one transaction. Counsel for the plaintiff claim that the terms of the contract were modified and superseded by the giving of the notes and the mortgage. If this latter position can be maintained then the defense of the defendants must fail. This was a question of fact to be determined by the jury from all the facts and circumstances surrounding the case under proper instructions of the court. 9 Ohio Jurisprudence, 654, Section 405; 13 Corpus Juris, 789, Section 1009. Parol evidence is not admissible to vary or modify the terms of the written instrument but evidence of circumstances and conditions surrounding the parties at the time is admissible as affecting the question of whether the written agreement was abandoned or superseded by the giving of the notes and mortgage to secure the payment of the same.

For the error committed by the trial court in withdrawing the case from the consideration of the jury and rendering judgment for the plaintiff the judgment is reversed and the case remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

McCurdy, P. J., and Gillen, J., concur.