OPINION
{¶ 1} On July 12, 2000, Florence Shearer executed a land installment contract with Vaughn Shearer and Dianne Shearer. The contract stated if Florence Shearer died before the contract was paid in full, the unpaid balance "shall be considered as a legacy" to the Shearers, and they shall receive a warranty deed as if the unpaid balance was paid in full.
 {¶ 2} On June 7, 2001, Florence Shearer executed a will, naming Donald Shearer and Ruth Bonnell as beneficiaries.
 {¶ 3} Florence Shearer died on May 23, 2003. At the time of her death, $25,800 was the balance due and owing on the land installment contract. Vaughn Shearer had preceded Florence Shearer in death. Based upon the terms of the contract, Dianne Shearer ceased making payments following Florence Shearer's death.
 {¶ 4} On August 11, 2003, appellee, Ruth Bonnell, executrix of the estate of Florence Shearer, filed a declaratory judgment action seeking construction of the land installment contract. By opinion and judgment entry filed July 6, 2004, the trial court found the language in the contract attempted to make a testamentary gift which was superceded by the will Florence Shearer executed thereafter.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred as a matter of law in determining the use of the clause `shall be considered as a legacy' in a land contract was an invalid attempt to make a testamentary gift."
 I {¶ 7} Appellant claims the trial court erred in finding the clause "shall be considered as a legacy" in the land installment contract was an invalid attempt to make a testamentary gift.
 {¶ 8} In its opinion and judgment entry filed July 6, 2004, the trial court framed the issue as follows:
 {¶ 9} "The issue presented by the facts in this case is whether the language contained in the Land Installment Contract is a testamentary disposition or an attempted testamentary disposition and, therefore, is either invalid pursuant to the applicable law, or is superseded by the subsequently executed Will of the decedent, or whether the Land Installment Contract is simply a valid contract entered into by competent parties and the terms of which have been fulfilled."
 {¶ 10} In this same entry, the trial court concluded the following:
 {¶ 11} "The Court finds in this case that based upon the language used that the decedent, Mrs. Shearer, did intend to make and attempted to make a testamentary disposition by the language used in the Land Installment Contract. Based upon the specific language used and the legal meaning of the term `legacy,' the Court further finds that this was not language that merely set the terms of the sale, fixing the amount of the consideration, but rather was, in fact, an attempt to make a testamentary gift.
 {¶ 12} "The Court further finds that the Land Installment Contract, and the language contained therein, does not and cannot make a valid testamentary disposition. While the Land Installment Contract itself is a valid contract, it is not a Will and does not comply with the requirements of a Will. Therefore, while the Land Installment Contract remains valid, the language attempting to make a testamentary disposition is not valid. Assuming for the sake of argument that a testamentary disposition could be made by a Land Installment Contract and the language contained in the Contract, in this case did so, Florence H. Shearer subsequently executed a Will by which she revoked any and all prior Wills made by her. By extension, this would also revoke any testamentary dispositions previously made.
 {¶ 13} "Based upon the findings as set forth above, the Court further finds that the balance due on the Land Installment Contract at the time of Mrs. Shearer's death was not disposed of as indicated above and, therefore, must be included as an asset of the Estate of Florence H. Shearer. The Court confirms its finding that the Land Installment Contract was valid and continues to be so, surviving the death of Florence H. Shearer. It is, therefore, the remaining balance due pursuant to the Land Installment Contract that is an asset of the estate and must be included as such."
 {¶ 14} The land installment contract contained the following language:
 {¶ 15} "If Vendor dies before Land Installment Contract is paid in full, the unpaid balance shall be considered as a legacy to Vendees and her Executor/Executrix shall deliver a Warranty Deed to Vendees as if the unpaid balance was, in fact, paid in full."
 {¶ 16} We concur with the trial court's first conclusion that the clear intent of Florence Shearer when drafting and signing the land installment contract was to forgive the remaining debt upon her death.
 {¶ 17} The question is whether this forgiveness can survive the subsequent execution of the will. The central issue is whether the terms of the land installment contract were an attempt to make a testamentary disposition or were merely part of a validly enforceable contract.
 {¶ 18} In Twyman v. Wood (1938), 61 Ohio App. 229, paragraph one of the syllabus, our brethren from the Fourth District reviewed an installment contract for the purchase of real estate and found a forgiveness of debt clause contained therein was "a valid contract and not an attempt to make a testamentary disposition of property." TheTwyman contract was accompanied by a mortgage and scheduled installment payments. The Twyman court at 233 concluded "there is no attempted gift at all but a mere agreement upon a proper consideration to forgive the payment of part of the purchase price of the property at some future time."
 {¶ 19} We note in Twyman, absent is the word "legacy" which the trial court sub judice relies on in determining the clause was, in effect, a testamentary gift. The trial court distinguished Twyman based on the use of the term "legacy," and found "this was not language that merely set the terms of the sale, fixing the amount of the consideration, but rather was, in fact, an attempt to make a testamentary gift." See, Opinion and Judgment Entry filed July 6, 2004.
 {¶ 20} The land installment contract sub judice states "the Vendees agree to purchase and pay for, upon and under the provisions, terms and conditions herein expressed." The forgiveness clause is contained within the provisions expressed. We therefore conclude the clause was part of the consideration tendered by vendees for the property in question and like the Twyman case, was a valid enforceable provision of the contract and not subject to testamentary devise.
 {¶ 21} The sole assignment of error is granted.
 {¶ 22} The judgment of the Court of Common Pleas of Ashland County, Ohio, Probate Division is hereby reversed.
Farmer, J., Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, Probate Division is reversed.